E. S. Corlett and Minnie W. Corlett, His Wife, and Krames-Corlett Company, a Florida Corporation, *Appellants,* v. Franklin H. Wood, *Appellee.*

Opinion Filed April 11, 1921.

1. Where a mortgage expressly provides for the enforcement of the entire mortgage lien upon the defaults stated therein, the stipulated rights of the mortgagee are not dependent upon notice given to the mortgagor.

2. Where solicitor's fees allowed in foreclosure proceedings are excessive, the decree as to such fees may be reversed and the decree in other respects affirmed if no other errors of law or procedure appear.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Reversed in part; affirmed in part.

*Thomas B. Norfleet,* for Appellants;

No appearance for Appellee.

Whitfield, J.—A mortgage to secure the payment of notes for $1,000.00, $7,000.00 and $7,000.00, now sought to be enforced, contains the following:

"If any of said sums of money herein referred to be not promptly and fully paid within thirty days next after the same severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory notes and this deed, or either, are not duly performed, complied with and

abided by, the said aggregate sum mentioned in said promissory notes shall become due and payable forthwith or thereafter at the option of the Mortgagee, heirs, legal representatives or assigns, as fully and completely as if the said aggregate sum of Fifteen Thousand ($15,000.00) Dollars was originally stipulated to be paid on such day, anything in said promissory notes or herein to the contrary notwithstanding.''

It is alleged "that the said promissory note for the sum of $1,000.00, payable on or before one year after December 14, 1917, long since fell due and became payable, likewise, the said note for $7,000, payable on or before two years after December 14, 1917, long since fell due and became payable, and though the said defendants have been requested to pay the same, yet they have neglected, failed and refused so to do, and have permitted the said note due and payable one year after December 14, 1917, to remain overdue and unpaid for more than twelve months, and have permitted the said note payable on or before two years after December 14, 1917, to remain overdue and unpaid for more than thirty days next preceding the filing of this bill of complaint."

A demurrer to the bill of complaint was overruled, and on decree *pro confesso* and complainant's testimony, final decree for complainant was rendered for $17,979.69, as principal and interest and $120.06 costs and for $2,500.00 as solicitors' fees.

On appeal it is argued that the mortgagors should have been given notice before suit was brought, citing Fossell v. Carter, 65 Fla. 512, 62 South. Rep. 926. It is also contended that the solicitors' fees awarded are excessive.

The mortgage expressly provides for the enforcement

of the entire mortgage lien upon the defaults stated therein; and the stipulated rights of the mortgagee are not dependent upon notice given to the mortgagor. The Fossell case related to the sale of land and is not apposite here. This holding is not in conflict with Graham v. Pitts, 53 Fla. 1046, 43 South. Rep. 512.

Although the evidence taken is not brought here, the allowance for solicitors' fees, considered in connection with the amount involved and the professional work indicated by the transcript, appears to be excessive; and for this reason the portion of the decree awarding solicitors' fees is reversed for further consideration by the chancellor. In other respects the decree is affirmed.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.