WILLIAM W. FLOURNOY *et al.*, *Appellants*, v. J. D. SMITH, *Appellee*.

Opinion Filed November 18, 1922.

1. The ascertainment of reasonable attorney fees for the services of complainant's counsel in foreclosing a mortgage involves a principal of ethics and it is not good practice to award such fees predicated only on the opinion of complainant's counsel.

2. In obtaining decrees for large amounts, ten per cent of the amount decreed may not be reasonable particularly in merely formal foreclosures where no unusual skill or labor is required.

3. A large discretion is vested in the chancellor and he should take care that only reasonable attorney fees be allowed upon

a consideration of testimony on the subject by competent and disinterested attorneys, reserving in all cases the right and duty of the chancellor to determine the reasonableness of the award to be made, considering all the pertinent circumstances that should legally and equitably affect the amount allowed, to the end that mortgagors be not unreasonably penalized.

An Appeal from the Circuit Court for Walton County; A. G. Campbell, Judge.

Decree reversed.

*W. W. Flournoy,* for Appellants;

*Carter, Campbell & Carter,* for Appellee.

Per Curiam.—This appeal was taken from decrees in foreclosure proceedings. The mortgage provided for its foreclosure if any default be made and for "attorney's fees" for foreclosure. Among others the following interrogatory was addressed to one of the counsel for the complainants: "Please state any other matter or thing within your knowledge that may be of benefit to either party?" To this "interrogatory, witness saith: My opinion is the defendant is liable for the $2,000.00 note, principal and interest, and the $4,000.00 note less unearned interest at the date of the decree, and that the complainant is entitled to his cost and attorney's fees in taking these measures to protect himself, and that a reasonable sum for attorney's fees would be ten per cent. of the principal and interest actually due, plus $25.00 filing cost." No other testimony was taken as to the value of the attorney fees allowed. The decree awarded attorney fees to the amount of ten per cent of the amount found to be due on the indebtedness.

While in this State testimony should be taken upon which reasonable attorney fees may be allowed against the mortgagor in foreclosure proceedings, and while counsel for the mortgagee may not be an incompetent witness as to the value of the attorney's services in the case, yet the ascertainment of reasonable attorney fees for the services of complainant's counsel in foreclosing the mortgage involves a principal of ethics and it is not good practice to award such fees predicated only on the opinion of complainant's counsel as is quoted above.

In obtaining decrees for large amounts ten per cent of the amount decreed may not be reasonable particularly in merely formal foreclosures where no unusual skill or labor is required. A large discretion is vested in the chancellor and he should take care that only reasonable attorney fees be allowed upon a consideration of testimony on the subject by competent and disinterested attorneys, reserving in all cases the right and duty of the chancellor to determine the reasonableness of the award to be made considering all the pertinent circumstances that should legally and equitably affect the amount allowed, to the end that mortgagors be not unreasonably penalized.

The decree is reversed as to the attorney fees allowed and the cause is remanded for appropriate procedure.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.