JAMES CHESTNUT, JR., AND HELEN T. CHESTNUT, *Appellants*, v. HELEN C. ROBINSON, *Appellee*.

Opinion Filed January 25, 1923.

In a suit to foreclose a mortgage where the evidence does not establish that at the time the suit was instituted the mortgagee was the owner or in possession of the notes, the payment of which the mortgage was given to secure, foreclosure should not be decreed.

An Appeal from the Circuit Court of Alachua County; A. V. Long, Judge.

*Evans Haile*, for Appellants;

*J. C. Adkins*, for Appellee.

BROWNE, J.—This is a suit by Helen C. Robinson against James Chestnut, Jr. and Helen T. Chestnut to foreclose a

mortgage given by James Chestnut, Jr. to the complainant Mrs. Robinson. The bill prays for a deficiency decree against James Chestnut, Jr. and Mrs. Helen T. Chestnut.

The bill does not disclose the relationship between James and Helen Chestnut.

There was a demurrer to the bill, one of the grounds of which is that it "seeks a deficiency decree against a married woman." It does not appear from the bill that Helen T. Chestnut is a married woman, and a demurrer cannot allege something as a fact that does not appear, and attack the bill because of that fact.

The demurrer was properly overruled as to all grounds.

The defendant then filed his answer and embodied therein pleas and grounds of demurrer.

The bill is not attacked on the ground that Mrs. Chestnut is improperly made a party.

The answer denied that any such amount as alleged in the bill was due and payable by defendant or either of them to the complainant, or that they were liable to complainant in any such amount of money as alleged or in any sum whatever.

The plea denied that the complainant was the owner of the notes sued on and denied her right or authority to bring suit.

The ownership of the notes was thus made an issue which it was incumbent upon the complainant to establish.

The only witness for complainant—except as to counsel fees—was her solicitor. He offered the notes in evidence and testified to the circumstances surrounding their execution. He further testified that Joseph A. Ambrose an at-

torney representing Mrs. Robinson came from Baltimore to Gainesville and consulted with him and was present during the negotiations for the notes and when they were signed; that they "were signed by Mrs. Helen T. Chestnut before being delivered to Mrs. Robinson." He does not say that he delivered them to Mrs. Robinson, nor by whom if ever they were delivered.

The three notes introduced in evidence over the objection of the defendant bore the endorsement of "Helen C. Robinson," and one bore also the endorsement, "Mercantile Savings Bank, Baltimore, Md."

There was no attempt to prove that Mrs. Robinson was the owner of the notes, and there is nothing upon this point on which a decree in her favor could be rendered.

It is contended by appellee that the possession of the notes by Mrs. Robinson is *prima facie* evidence of ownership.

There is no evidence that the notes were ever in the possession of Mrs. Robinson. Her attorney testified that they "were signed by Mrs. Helen T. Chestnut before being delivered to Mrs. Robinson." This does not establish that they were delivered to her. He or Mr. Joseph A. Ambrose, the Baltimore attorney handled the transaction, and knew that Mrs. Chestnut signed the notes while in their possession, and the witness could very properly testify that they were signed by Mrs. Chestnut "before being delivered to Mrs. Robinson," or any one else. Appellees would have us presume that because Mrs. Robinson's attorneys had possession of the notes after their execution, they delivered them to Mrs. Robinson, and upon this presumption presume that she had possession at the time of the institution of the suit, three and a half years thereafter. Nothing is more clearly settled that a presumption cannot rest upon

a presumption. If such a presumption could be indulged in, the fact that the notes introduced in evidence bore Mrs. Robinson's endorsement, and one of them that of the Mercantile Savings Bank, Baltimore, Md., tends to offset the latter presumption.

The ownership of the notes not having been shown to be in the complainant, there is nothing to support the decree in her favor, and it is therefore reversed.

WHITFIELD, ELLIS AND WEST, J. J., concur.

TAYLOR, C. J., disqualified, took no part.