J. F. JAUDON and MAUDE C. JAUDON, his wife, *Appellants*, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a New York Corporation, *Appellee*.

136 So. 517.

En Banc.

Opinion filed August 7, 1931.

*Paul C. Taylor* and *Carroll W. Fussell,* for Appellants; *John M. Murrell,* for Appellees.

ANDREWS, Commissioner:—The only questions presented for review in this mortgage foreclosure proceeding are (1) that the court erred in awarding solicitor's fee to complainant's solicitor, and (2) that the assignment of the mortgage from B. C. Smith Co. to complainant has not been shown by competent evidence.

Disposing of the latter question first; it appears from the record that the assignments of the mortgage and indorsements of the notes from B. C. Smith Co. to complainant were duly executed in accordance with the law and rules governing assignment of mortgages and indorsement of notes. Such assignments and indorsements were regular on their face and are considered prima facie valid and the burden is upon one who charges that they were not properly executed or were executed without authority, to estab-

lish it. Secs. 5743 and 6818, Compiled General Laws of Florida, 1927. No invalidity has been shown by the demurrer. See Bland v. Fidelity Trust Co., 71 Fla. 499, 71 So. 630; 2 Jones on Mortgages (8th Ed.) Sec. 1011.

The circumstances involved in the case of Chestnut v. Robinson, 85 Fla. 87, 95 So. 428, cited and relied upon by appellants, are quite unlike those arising here and are therefore not controlling in the instant case.

Reverting now to the first point raised that under the bill and proofs in this case defendants are not liable for any attorney's fees, it is observed that the bill of foreclosure alleges

"That said mortgage has been placed in the hands of complainant's solicitor whose name appears signed to this Bill of Complaint for the purpose of foreclosing said mortgage, and that by reason thereof complainant has incurred, and has obligated itself to pay a reasonable and just fee to said solicitor for his services in collecting the moneys secured by said mortgage and for the foreclosure of same."

It is observed that the notes and the mortgage provide that the makers agree to pay all costs of collection including reasonable attorney's fees "in case the principal of this note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof."

Appellant contends that conceding for the sake of argument that a sufficient allegation appears as a basis in the bill of complaint for solicitor's fees, the proofs, as shown by the testimony as to any agreement between complainant and his solicitor, are insufficient upon which to base such fees.

The only *testimony* offered on that issue at the hearing was that of complainant's solicitor who testified that "The complainant has employed me to foreclose the mortgage, and under the terms of the note, I am entitled to a reasonable fee, and the complainant claims a reasonable attorney's fee," and that the mortgage was handed to him

by Earl S. Harwick, the loan agent of the complainant Equitable Life Assurance Association in Miami. This was not however all the *evidence* on that issue as the record itself shows that certain services were rendered in filing the bill by the solicitor—assuming that the drafting and filing of the suit was necessary and proper under the circumstances of this case.

This Court has held that

"Counsel for complainant is an improper witness to testify as to the reasonableness of fees to be charged by him for services rendered to complainant in a pending suit." Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201; Flournoy v. Smith, 84 Fla. 553, 94 So. 503.

It will be noted that the above principle of law has reference to testimony as to the "reasonableness" of fee and not as to "agreement" to pay a reasonable fee.

Appellant contends that under the decision of Brett v. First National Bank, 97 Fla. 284, 120 So. 554, the above allegations and proof in the instant case are not sufficient upon which to base any finding as to solicitor's fees.

In that case, the only allegation in the bill referring to attorney's fees was that "the said note and mortgage were placed in the hands of" its solicitors "for collection and foreclosure," and the only evidence adduced on that issue was the testimony of two disinterested attorneys who testified only as to reasonableness of the amount to be allowed as attorney's fee. This Court held that such allegation and proof, in cases where properly raised and objected to, were not sufficient upon which to base a decree for solicitor's fees.

In the more recent case of Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 775, 124 So. 41, the sole allegation as to attorney's fees was that

"Defendant promised * * * in case suit should be brought for the collection thereof, or the same had to be collected through an attorney, to pay attorney's fees for making

such collection on demand after the date thereof, but did not pay same;"

and the note provided:

"And in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorneys' fees for making such collection."

It was there held that neither the allegation nor proof showed that "plaintiff" had paid, or had promised to pay or was liable upon an implied contract to pay, attorney's fees; and the cause was reversed and remanded. In the same case it was held that an "allegation and proof that a valid liability exists is sufficient," and that it may rest upon either an express or implied contract between plaintiff and his solicitor as to the latter's compensation,

"or upon plaintiff's liability to pay his attorney on a *quantum meruit* basis upon the implied contract which arises from the employment by the plaintiff and the performance by the attorney and acceptance by the plaintiff of his services." See Berns v. Harrison, 100 Fla. 1105, 131 So. 654.

Now, as to the allegations and proofs in the instant case, we think that they were at least sufficient to show that complainant is liable to pay a reasonable fee to its solicitor on a quantum meruit based upon an implied contract which arose from the employment, the performance of the service and the acceptance of it.

There has been presented on this appeal another and more serious question having reference especially to whether complainant's solicitor was as a matter of equity entitled to the full $600.00 fee awarded. It will be observed that defendant's contention on that point is set up by the answer and that testimony adduced on that issue was to some extent recognized by the General Master, whose report, among other matters, finds

"That a reasonable solicitor's fee to be allowed to the complainant's solicitor for the foreclosure of said mortgage would be the sum of $600.00; provided however,

that should the defendants pay said mortgage indebtedness prior to a final decree and a sale herein, such solicitor's fee should be reduced to $450.00."

The final decree, however, allowed $600.00 attorney's fee, and it could be inferred that as the cause went to final decree, the $600.00 fee was awarded.

The answer shows that defendant had been in default for over five months on this second semi-annual payment of $250.00 on the principal and $200.00 semi-annual interest, on the total indebtedness of $5000.00; also that there was an indulgence in the matter of delays in making the first previous semi-annual payment. Equity might imply a waiver under these circumstances. See Gus' Bath Inc. v. Lightbown, 101 Fla. 1205, 133 So. 85; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751, 756.

The letters filed in evidence also show that the former payment had been made to the mortgagee, C. G. Smith Co., of Atlanta, and that a letter dated June 21, 1928, from said company to defendants advised that

"The papers in connection with this loan are now in the hands of * * * (named) Atty. in Miami, and you can confer with him further regarding the same."

The record shows quite clearly that defendants were not aware that the mortgage and notes had been assigned by C. B. Smith & Co., to complainant. It appears that upon counsel for defendant going to said attorney's office, after receiving the letter, it was found that the bill to foreclose had been filed six days before the above letter of C. B. Smith & Co. was written to defendant. The appellant contends in his answer and testimony that under the circumstances it was not necessary for complainant to employ an attorney to foreclose. It is shown that at that stage of the controversy the defendants offered to pay all amounts due up to that date including all costs and that complainant's solicitor advised that the offer was agreeable to complainant but that solicitor (and not complainant) refused to accept said payment unless an attorney's fee of $600.00 was then

paid to solicitor. Defendant offered to pay in addition to the above $150.00 solicitor's fee for his services, and costs up to that time. The offer of defendant to pay the installment interest and costs then due having been accepted by complainant such acceptance might have the effect to waive the option to accelerate the whole debt, as no particular amount of attorney's fee appears to have been agreed to. Defendant offered $150.00 and complainant's solicitor demanded $600.00 as a reasonable fee at that time. The refusal to accept a "reasonable fee" should not in equity defeat waiver of complainant's option to accelerate.

The two attorneys satisfying as to reasonableness of solicitor's fees gave $100.00 as a reasonable amount for "filing bill in chancery plus 10 per cent. of the principal and interest found to be due." The amount actually in default not counting any acceleration was $450.00, ten per cent. of which is $45.00; and defendants contended that $150.00 would be ample fee at that stage of the proceeding. If at that time *complainant* agreed to accept the payment in question due them with costs and reasonable attorney's fees, as of that date, the fees are governed by it, as equity would not allow more than a reasonable one.

It appears from the testimony that complainant left the question as to the amount of attorney's fees to be adjusted between its solicitor and defendants. The question arises: Was this $600.00 a reasonable requirement in view of the allegations of the bill that *complainant* "had obligated itself to pay a reasonable and just fee to said solicitor for his services?"

The rule followed in this State is that attorney's fees in foreclosures are allowed to the *mortgagee* and not to his solicitor, as such fees are intended as an indemnity to the mortgagee for expenditures necessary to protect his interest, also that the burden is *upon the mortgagee* to prove right to recover solicitor's fees and establish basis for computing the amount. Brett v. First National Bank, supra;

United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567. Under this rule the complainant's counsel would hardly be permitted to be the only arbiter as to an amount reasonably due from defendants to complainant. The burden of proof is upon complainant to establish the reasonableness of the fee and not on defendant.

Generally no notice of the mortgagee's election to consider the whole debt due is necessary; in fact, the mere filing of suit to enforce the mortgage by foreclosure may sufficiently show his election to exercise his option to accelerrate. Corlett v. Wood, 81 Fla. 510, 88 So. 268; 2 Jones on Mortgages (8th Ed.) Sec. 1513. The assignee of such a mortgage may also exercise the option to accelerate in the same way as the mortgagee himself may.

In at least two states it is held that provisions in a mortgage accelerating the debt should not be construed to work a hardship on the debtor, and that good faith requires that before undertaking to enforce such provisions. the holder of the mortgage should afford the mortgagor a reasonable time to meet his obligation. Providence Sav. Life Assur. Soc. v. Georgia Industrial Co., 124 Ga. 399, 52 S. E. 289; Haase v. Blank, 177 Wis. 17, 187 N. W. 669, 21 A. L. R. 1543; 2 Jones on Mortgages (8th Ed.) Sec. 1513. See also 41 C. J. 851, Sec. 1036.

There is no statute or established rule of equity in this state except as hereinafter referred to, which in terms requires notice to be given the mortgagor of mortgagee's election to accelerate before proceeding to foreclose, but in many instances, as where there is some evidence of waiver of an option to accelerate, it could not be seriously contended that such a rule ought not to appeal to a court of equity especially in cases where a failure to make a comparatively small installment payment on the whole principal debt operates to accelerate and cause the whole (in this case 20 times the installment due) amount to become due.

The mortgage in the instant case stipulates that in de-

fault of any of the payments that the entire principal, interest, etc., shall at the option of the mortgagee become "immediately due and payable" without further notice and the mortgage may be foreclosed as if said indebtedness had otherwise matured. In the very similar case of Kreiss Potassium Phosphate Co. v. Knight, supra, it was found that complainant did not as the several defaults occurred "immediately" exercise his right to declare the principal sum and interest due and payable, but delayed for considerable time. It was held that though a "waiver" does not arise from mere forbearance for a reasonable time, it may be inferred from the mortgagee's passive acquiescence in mortgagor's neglect to perform conditions binding upon him, and that "a mortgagee may by his conduct, inducing others to believe and act upon the belief that he will not enforce his mortgage, be estopped as to them from doing so." 41 C. J. 869. The court further said:

"We cannot say that the defendants were not lulled into a feeling of security and led to believe that such payments would not be insisted upon without notice to them or by some outward act of the complainant manifesting his intention to declare the whole amount due unless interest and taxes were paid;"

that the defendants having offered to pay all amounts then due that complainants advice that he would not accept it and that he intended to declare the entire amount due made it unnecessary for defendants to move further in the matter until they were given an opportunity to pay without having the principal sum accelerated; that

"It would not be right or just to permit the complainant to accelerate the maturity of the notes given for the principal sum without giving the defendants an opportunity to pay the amounts which they were in duty bound to pay under the contract if no default had occurred."

See also Gus' Baths Inc. v. Lighbown, supra.

We reach the conclusion that inasmuch as the mortgagee (or its assignee) did not in the instant case elect to exercise its option to accelerate and declare all amounts due and pay-

able within a reasonable time after such default (over five months) that it would not be equitable to permit complainant to so accelerate the maturity of all the notes without first giving the defendants an opportunity to pay the amounts which they were in duty bound to pay under the contract as if no default had occurred.

The question here presented is constantly arising and such issues should be adjusted upon some equitable basis, and if the mortgagee was willing, as appears to have been the case, to accept the past-due payment before any steps had been taken except filing the bill and procuring an abstract, his solicitor should not be the only arbiter as to his reasonable services up to that state of the proceedings.

Under the circumstances of this case $150.00 might be considered a reasonable fee at the stage of the proceedings when defendant offered to pay it, for if the above fee had been accepted by the solicitor it seems that there would have been no necessity for any further proceedings except perfecting the settlement. If the pleadings or the evidence had shown that the complainant, who is the one primarily liable for a reasonable costs and fee to its solicitor, had rejected the offered payment of the $450.00 installment and interest due plus costs and a reasonable attorney's fee, the situation would be somewhat different, but even then complainant could only demand a "reasonable" attorney's fee for services rendered up to that stage of the proceedings.

The complainant having consented to waiving its right to accelerate the maturity of the deferred payments it would be entitled only to a reasonable fee for whatever services had been rendered or would have been rendered in the collection of whatever amount the complainant was willing to then accept.

If within thirty days after the receipt of the mandate in this cause by the clerk of the circuit court, the defendant (appellant here) will pay over to the complainant or its solicitor the amounts of installments of principal and

interest then due, also costs of abstract and court costs which were incurred up to the time of the former acceptance of the offer by complainant, together with $100.00 for filing bill plus 10% of the amount due on the debt and unpaid at the time of filing the mandate herein as solicitor's fees; then and in that event the case will stand reversed, otherwise it will stand affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that if within thirty days after the receipt of the mandate in this cause by the clerk of the circuit court, the defendant (appellant here) will pay over to the complainant or its solicitor the amounts of installments of principal and interest then due, also costs of abstract and court costs which were incurred up to the time of the former acceptance of the offer by complainant, together with $100.00 for filing bill plus 10% of the amount due on the debt and unpaid at the time of filing the mandate herein as solicitor's fees; then and in that event the decree of the court below will stand reversed, otherwise it will stand affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.