THE PORTER INTERESTS OF FLORIDA, INC., et al., *Appellants*, vs. MISSOURI STATE LIFE INSURANCE COMPANY, a corporation of St. Louis, Missouri, *Appellee*.

141 So. 741.

En Banc.

Opinion filed May 21, 1932.

W. W. *Flournoy,* for Appellants;

*William Fisher,* for Appellee.

PER CURIAM.—This appeal is taken by the defendants below from a final decree for the complainant in foreclosing a mortgage upon real estate. The errors assigned and argued are: in allowing attorneys fees to the complainant; in the amounts decreed to the complainant and in not holding the mortgage void when usury is shown; in denying a motion to amend the final decree after the appeal was taken. The Court did amend the final decree after the appeal was entered but as the Court states the amendments allowed "are mere recitals of the Court's findings in reaching the decree." A requested amendment of substance to exclude a portion of the lands from the foreclosure decree, was properly denied after the appeal was taken. Even if the inclusion of the lands sought by the motion to be excluded from the decree, had specifically

been assigned as error, it is not shown that such inclusion was error.

The bill of complaint alleges that there is due your orator by the defendant, the Porter Interests of Florida, $128,277.43 with interests and costs and expenses of this proceeding, including an attorney's fee to the solicitor of complainant foreclosing of $15.00 and ten per cent. of the amount of the mortgage indebtedness and

"That your orator has been compelled to employ and has employed an attorney to foreclose the said mortgage and has incurred the obligation of the fee for said attorney, which said fee is secured by the lien of the said mortgage and is to be included in the amount decreed upon foreclosure."

The mortgage made a part of the bill of complaint contains the following:

"And the said Mortgagor covenants and agrees that if a foreclosure of this mortgage be had, or a suit to foreclose the same shall be rightfully begun, it will pay all costs and expenses of such suit, including an attorney's fee, to the attorney of the complainant foreclosing, of fifteen ($15.00) dollars and ten per cent. upon the amount due to the complainant as fixed by the decree in the foreclosure suit or by agreement before decree, which costs and fees shall be included in the lien of this mortgage and in the sum decreed upon foreclosure."

The notes contain the following:

"In case this note is placed in the hands of an Attorney for suit or collection after maturity, whether by lapse of time or by default, I agree to pay all cost and attorney's fees of ten per cent. upon same."

The allegations of the bill of complaint and the reference therein to the mortgage made a part of the bill of complaint, afford a sufficient basis for the evidence as to a proper attorney fee. Williams v. Dunn, decided this term. The Court in the decree adjudicates that it,

"appearing to the Court that the Complainant has incurred the obligation of paying to its solicitor the sum of

"$2,000.00 as Solicitor's fees for his services in this cause which said sum the Court finds to be a reasonable Solicitor's fee to be allowed the Solicitor for complainant." and allows $2000.00 for attorneys fees, which is reasonable, the decree being for more than $100,000.00.

The notes were made payable in the State of Missouri and the Chancellor applied the usury laws of Missouri. See Thompson v. Kyle, 39 Fla. 582, 23 So. 12, 63 Am. St. Rep. 193. See also notes to 62 L. R. A. 33. Of this the defendant corporation cannot complain even though it was incorporated in Florida prior to the enactment of the statute which provides that "no corporation shall interpose the defense of usury in any action in any Court in this State," Section 60, Chapter 10096, Acts of 1925; Section 6586, Compiled General Laws, 1927. The notes and mortgage are not void for usury under the laws of Missouri or Florida. The usury does not amount to 25% per annum on the amount actually loaned for the period of the loan and the Missouri law applied by the Chancellor causes forfeiture of interest by applying payments and charges to reductions of the amount of the principal loaned. The amount decreed to the mortgagee is not shown to violate the Florida usury statute.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.