THEO. M. BRUSH, *Appellant,* v. THE BARNETT NATIONAL BANK OF COCOA, a corporation, *Appellee.*

149 So. 57.
Division A.
Opinion filed June 10, 1933.
Re-hearing denied Aug. 11, 1933.

460

*John D. Shepard,* for Appellant;

*Fleming & Snow,* for Appellee.

DAVIS, C. J.—A mortgage on real estate was given to secure the payment of two promissory notes. One M. Theresa Brush was the mortgagor and it appears from the record that she died prior to the maturity of the second note, leaving no will. Foreclosure was begun by the mortgagee against the heirs at law, no deficiency judgment being prayed. The Court awarded a final decree of foreclosure from which this appeal is taken.

Each of the notes secured by the mortgage provided for an attorney's fee of ten per cent while the mortgage itself contained a clause whereby the mortgagor agreed to pay all attorney's fees reasonably incurred, without reference to any stipulated percentage. The notes having been recited and copied into the mortgage, appellant argues by reason of that fact, that the notes and mortgage must be construed together and that no attorney's fee in excess of ten per cent. as stipulated in the notes, was allowable. The Chancellor below allowed a reasonable attorney's fee under the mortgage clause, disregarding the ten per cent. note limitation.

We think there was no error in that respect for two reasons: (1) it is easily conceivable that where a note and mortgage are both given, the intent of the parties may well have been to limit attorney's fees to ten per cent. where suit is on the note alone, whereas in a suit in chancery made necessary to foreclose the mortgage, the intent may well

have been that a fee as a reasonable compensation for the actual services required, should be fixed; (2) because of our earlier decisions in those foreclosure cases wherein it has been held that in mortgage foreclosure cases, a reasonable attorney's ·fee for purposes of indemnity only is contemplated, and that because of such fact an attorney's fee provision in a mortgage must be always construed so as to avoid the idea that a provision for its payment is ever enforceable in equity as a charge in the nature of a penalty for mere non payment. See: Flournoy v. Smith, 84 Fla. 553, 94 Sou. Rep. 503; Brett v. First National Bank, 97 Fla. 284, 120 Sou. Rep. 554; Burns v. Harrison, 100 Fla. 1105, 131 Sou. Rep. 654; Porter v. Mo. Life Ins. Co., 105 Fla. 550, 141 Sou. Rep. 741.

The other propositions argued on the appeal have been duly considered but no special discussion of them is deemed necessary. There is nothing in the statutes relating to the payment of claims against the estate of an intestate until after six months from taking out letters of administration (Section 5606 C. G. L. 3734 R. G .S.) which precludes the foreclosure against the heirs at law of the mortgagor, if a mortgage given by the mortgagor in his lifetime, where no deficiency judgment against the estate is sought, as is the case here. Fremd v. Hogg, 68 Fla. 331, 67 Fla. 75; Section 5611 C. G. L., 3739 R. G. S. as amended.

Decree affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.