THELMA MCKINLEY, as Administratrix of the Estate of W. L. McKinley, deceased, v. THE FEDERAL LAND BANK OF COLUMBIA, a Corporation.

176 So. 36.
Opinion Filed July 13, 1937.
Rehearing Denied September 3, 1937.

*Thomas E. Walker,* for Appellant;

*John H. Carter* and *John H. Carter, Jr.,* for Appellee.

BUFORD, J.—The appeal is from final decree of foreclosure.

The record shows that one W. L. McKinley borrowed $9,000.00 from The Federal Land Bank of Columbia on May 3, 1926. To secure the payment of this loan he, being joined by his wife, mortgaged 529.3 acres of farm land in Jackson County, Florida. The mortgage was recorded May 8th, 1926. Mortgagor defaulted in payment of installments due January and July first, 1932, January and July first, 1933, January and July first, 1934, January and July first, 1935, and January first, 1936. He also defaulted in payment of insurance premiums and defaulted in payment of State and county taxes in 1929, 1930 and 1931 The mortgagee paid the insurance premiums in the sum of $72.27 and taxes in sum of $655.95.

The mortgagors on March 29, 1930, executed additional mortgages on same lands, one to J. W. Hinson & Company and another to Thomas E. Walker.

Mrs. McKinley pre-deceased W. L. McKinley. W. L. McKinley died on October 31, 1935. His only child and sole heir surviving him was Thelma McKinley.

On January 23, 1936,. The Federal Land Bank of Columbia, a corporation, filed its suit against Thelma McKinley, J. W. Hinson & Co., a co-partnership composed of J. W. Hinson and another, and Thomas E. Walker. At that time no administration had been had upon the estate of W. L. McKinley. Thereafter Thelma McKinley was appointed administratrix of the estate of W. L. McKinley and was thereupon made a party defendant as such administratrix. The administratrix filed an answer in which she alleged that:

"Said defendant admits the execution of said instruments sued upon and indebtedness, but defendant denies that complainant is entitled to recover costs, or attorney fees, because at the time of bringing this suit eight months had not expired from the suing out of letters of administration as said letters were not granted until January, 1936.

"Defendant saith further that from the suing out of letters of administration she has eight months in which to pay said indebtedness and claims her right to do so.

"Defendant saith further that at the time said foreclosure was brought she had rented said lands to one A. Foy, who was in possession and had expended large sums of money to cultivate and grow a crop on said lands and this defendant had also made advances to the said A. Foy for said purpose which was done for the benefit of said estate."

Motion to strike each and every paragraph of the answer was made and granted. A decree *pro confesso* being entered against all defendants, final decree was entered.

It is the contention of the appellant that the court erred in striking the allegations of defendant's answer. The answer is based upon the theory that the mortgagee could not maintain this suit to foreclose the mortgage to enforce its lien for the payment of the obligations, the payment of

which the mortgage was given to secure, until the elapse of eight months after the issuance of letters of administration.

There was no claim for a money judgment or a deficiency decree against any of the parties.

The bill of complaint sought only to foreclose the lien created by the mortgage against the property embraced in the mortgage to enforce the payment of the obligations contained in the notes, the payment of which was secured by the mortgage and contained in the mortgage itself.

The question must be determined adversely to the appellant on authority of the opinion and judgment in the case of Brush v. Barnett National Bank of Cocoa, 110 Fla. 459, 149 Sou. 573, in which we held:

"There is nothing in the statutes relating to the payment of claims against the estate of an intestate until after six months from taking out letters of administration (Section 5606 C. G. L., 3734 R. G. S) which precludes the foreclosure against the heirs at law of the mortgagor, if a mortgage given by the mortgagor in his lifetime, where no deficiency judgment against the estate is sought, as is the case here. Frend v. Hogg, 68 Fla. 331, 67 Fla. 75; Section 5611 C. G. L., 3739 R. G. S., as amended."

While the opinion in the case above referred to was rendered under the provisions of Section 5606 C. G. L., 3734 R. G. S., the only material difference between that statute and our present statute, sub-paragraph (a) of Sec. 122 of Chapter 16103, Acts of 1933, is that the later statute extends the period to eight months instead of six months.

Section 8 of Chapter 17171, Acts of 1935, amending Section 123 of Chapter 16103, Acts of 1933, provides as follows:

"No execution shall issue upon or be levied under any judgment against a decedent or against the personal representative, nor shall any levy be made against any property,

real or personal of the estate of a decedent. Claims upon all judgments against the decedent shall be filed in the same manner as other claims against estates of decedents. Provided, however, that the provisions of this section shall not be construed to prevent the enforcement of mortgages, pledges or liens, or claims to specific property, real or personal."

Other questions presented have been examined with the result that we find no reversible error.

The decree should be affirmed and it is so ordered.

Affirmed.

TERRELL, BROWN and CHAPMAN, J. J., concur.