DELBERT L. LAYTON, et ux., v. M. J. ORR.

187 So. 704.
Division A.
Opinion Filed March 28, 1939.

*Roger Edward Davis,* for Appellants;
*Nestor Morales,* for Appellee.

Thomas, J.—The appellee, assignee of a mortgage, sued appellants, who were grantees of the legal title to the encumbered property, seeking foreclosure. The suit culminated in a decree allowing complainant full relief.

The mortgage secured three notes maturing February fifth in each of the years 1937, 1939 and 1940 respectively. The first two notes were for $50 and the third for $450. Demand, notice of nonpayment and protest were waived and in the mortgage it was stipulated that:

"If any of said sums of money herein referred to be not promptly and fully paid within ninety days next after the same severally become due and payable * * * the said aggregate sum * * * shall become due and payable forthwith or thereafter at the option of the Mortgagee * * * or assigns."

When appellee purchased the mortgage and the appellants the land, the mortgage was in default. Inquiry was made by appellants' attorney to learn the amount actually due and an offer of payment was then made but appellee did not commit

himself to the acceptance of less than the total amount of the three notes.

Subsequently he demanded payment of the full amount secured, all of which transpired before appellants' tender and appellee's suit.

Demand having been dispensed with by the waiver in the notes themselves there was no duty on the part of the holder to notify the owner of the land that he intended to claim the entire amount due, nor was this necessary in order to take advantage of the acceleration clause in the mortgage because we have held that ordinarily the filing of the bill is sufficient indication of the intent to exercise the option of declaring the total indebtedness to be due. Clay v. Girdner, 103 Fla. 135, 138 South. Rep. 490. See also Corlett v. Wood, 81 Fla. 510, 88 South. Rep. 268.

Nothing unusual appears here to influence us in deciding that this rule should not be followed.

Appellant insists that under the decision of this Court appearing in Stegemann v. Emery, 108 Fla. 672, 146 South. Rep. 650, no presentation having been made, the appellee was not entitled to a decree for the full amount of the mortgage indebtedness. This position is not sound in view of the waiver appearing in the notes.

"A waiver of protest, whether in the case of a foreign bill of exchange or other negotiable instrument, is deemed to be a waiver, not only of a formal protest but also of presentment and notice of dishonor." Sec. 6866 C. G. L. 1927.

A casual reading will show that the facts in this case are not so similar to those related in Jaudon v. Equitable Life Assurance Society of the U. S., 102 Fla. 782, 136 South. Rep. 517, that we should order a reversal of the decree of the chancellor.

We think that the chancellor was thoroughly justified in rendering his decree for the full amount of the three notes

secured by the mortgage. We feel, however, that a solicitor's fee of $200, in this case, where the sum of the principal and interest was approximately $600, should be reduced.

It is ordered that the decree be modified to fix the fee of complainant's solicitor at $150, and that otherwise it be affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in the opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.