PER CURIAM.
Appellants, defendants below, seek review of an adverse final decree foreclosing a chattel mortgage given to secure payment of a promissory note.
On January 8, 1959, plaintiff loaned defendants a sum of money receiving from defendants a promissory note and chattel mortgage. The note gave plaintiff the right to accelerate maturity in the' event any installment was not paid within fifteen days after it became due. By the terms of the note, payments were required to be made on the eighth day of the month. On January 9, 1961, plaintiff informed defendants that since the payments due on December 8, 1960, and January 8, 1961, had not been made, plaintiff was exercising its option and declaring the entire unpaid principal due and payable. Defendants were further informed that unless the entire amount due, or in the alternative, the delinquent payments plus certain charges- and attorney’s fees, was paid by January 13, 1961, plaintiff would institute foreclosure proceedings. When payment was not received, plaintiff, on January 13, 1961, filed the complaint in this action. After the filing of the action, defendants sent plaintiff checks covering the delinquent payments and the payment due on February 8, 1961, but not the charges and attorney’s fees. Plaintiff retained possession of these checks but made no attempt to negotiate them. The cause came to trial and the chancellor entered the decree appealed, foreclosing the mortgage and ordering sale of the security. Sale was duly held, no objections thereto being filed by defendants who instituted this appeal.
Defendants contend that by retaining possession of the checks plaintiff (1) waived its rights to accelerate maturity of the note and foreclose on the mortgage, and (2) is now estopped from asserting these rights. We find these contentions to be without merit.
The principles governing questions of waiver and estoppel are, in most respects, the same in cases involving the right to accelerate maturity of a note and the right to foreclose a mortgage. A mortgagee will be held to have waived these rights or be estopped from asserting them where his conduct induces a detrimental change of position by the mortgagor in reliance on the belief that the mortgagee will not enforce his mortgage. See Harrell v. Lombard, Fla.App.1960, 122 So.2d 625; Murray v. Stalnaker, 154 Fla. 64, 16 So.2d 650; Jaudon v. Equitable Life Assur. Soc., 102 Fla. 782, 136 So. 517; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751.
*541 The record in this case discloses no detrimental change of position by defendants in reliance on conduct of the plaintiff indicating that plaintiff would not foreclose its mortgage.
We conclude that the chancellor was correct in his application of the principles of law to the evidence adduced in this case.
Affirmed.