ON PETITION FOR REHEARING
MANN, Judge.
We deny the petition for rehearing but clarify our opinion so that it will not be thought at variance from Corlett v. Wood, 1921, 81 Fla. 510, 88 So. 268, and Campbell v. Werner, Fla.App.3d 1970, 232 So.2d 252. Corlett v. Wood proves merely that a complaint need not allege notice to the mortgagor before suit is brought. That is perfectly sound pleading, and we have not intended to say that there must be either an allegation in the complaint or, under normal circumstances, proof in the record of notice before a mortgage is enforced. This case is one in which the affirmative defense is pleaded that acceleration and foreclosure would be inequitable under the circumstances of this case.
Nor do we think our holding inconsistent with Judge Charles Carroll’s excellent opinion in Campbell v. Werner. Compare, for example, Lieberbaum v. Surfcomber Hotel Corp., Fla.App. 1960, 122 So.2d 28, in which the Third District affirmed the denial of foreclosure on a finding that acceleration was unconscionable.
The confusion of the appellee in this case results from the common error of taking facts stated in an opinion as having necessarily some operative legal signifi- *567 canee. It is not necessary to notify mortgagor that he must live up to his agreement, and there are circumstances in which acceleration of an obligation and foreclosure of a mortgage are unconscionable. The facts of this case are such that the trial judge thought that the obligation should not have accelerated and foreclosure should not be granted. Our opinion should be taken as related to the peculiar circumstances of this case in which there is not the slightest evidence of an immediate intention on the part of the first mortgagee to foreclose. The second mortgagee, by undertaking to notify Walsh that he was delinquent, could be found to have acted unconscionably when, after a feeble effort to communicate with Walsh, the second mortgagee paid the two monthly installments apparently without being placed under serious pressure to do so. A harmonious reading of all the authorities cited will show that these cases are not in conflict.
Petition for rehearing denied.
PIERCE, C. J., and LILES, J., concur.