**In re PINEBROOK, LTD., a Georgia Limited Partnership, Debtor.**

**Bankruptcy No. 87–349–BK–J–11.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 29, 1988.

Ronald Bergwerk, Jacksonville, Fla., for debtor.

William J. Deas, Jacksonville, Fla., for Mutual Benefit Life, all creditors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court on the debtor's motion for 11 U.S.C. § 1129(b) treatment relative to Mutual Benefit Life Insurance Company ("Mutual Benefit"), the only creditor in Class 1. A hearing on the motion was held on February 9, 1988, at the conclusion of which the court directed the parties to submit written memoranda in support of their positions. Upon the arguments so presented, the Court enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Mutual Benefit has filed a claim in this case based upon a non-recourse mortgage loan made to the debtor in the original principal amount of $2,800,00.00. Interest thereon accrues at the coupon rate of 12% per annum. The Note evidencing the loan contains the customary provisions found in similar notes such as a yield maintenance clause which assesses a penalty upon prepayment and a default clause which provides that upon default the remaining principal with accrued interest becomes due immediately without notice at an increased rate of 24%.

2. The note provided for monthly interest only payments for five years, and thereafter, monthly payments of both principal and interest for three years with the balance of the loan being due and payable on October 1, 1991.

3. The debtor defaulted under the terms of the note by failing to make the August 1, 1986 interest payment and all payments thereafter. Mutual Benefit then elected to accelerate the balance due and filed a foreclosure action pursuant to Florida law in October of 1986.

4. In March of 1987, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* The continuation of the foreclosure action was automatically stayed by the provision of 11 U.S.C. § 362.

5. On July 14, 1987, Mutual Benefit and the debtor entered into an agreement concerning the use of cash collateral and to a limited modification of the stay. The Court approved the agreement which permitted Mutual Benefit to continue the foreclosure up to and including the obtaining of a Final Judgment of Foreclosure. After obtaining such approval, Mutual Benefit proceded with its foreclosure action and ultimately obtained a Partial Summary Judgment in its favor.

6. During the pendency of the state court proceedings, the Debtor filed a plan of reorganization which contemplates a "cramdown" (11 U.S.C. § 1129(b)) of its provisions against Mutual Benefit, the Debtor's only secured creditor.

7. On December 15, 1987, the Court held a confirmation hearing. After the presentation of evidence, the Court found that all of the requirements of § 1129(a) were met with the exception of subsection (8) (the vote), whereupon the debtor moved for "cramdown" pursuant to § 1129(b) against the dissenting creditor, Mutual Benefit.

8. Debtor's plan of reorganization treats Mutual Benefit's claim as impaired and proposes to pay it $100,000 on the effective date of the plan. The balance of the claim will be paid in monthly installments of $21,000 until October 1, 1991, at which time the entire debt including accrued but unpaid interest will become due. Under the plan, Mutual Benefit will retain its lien and will not face an enhanced risk of ultimate non-payment.

## CONCLUSIONS OF LAW

1. Section 1129(b)(1) provides several methods by which a court may confirm a Chapter 11 plan which is fair and equitable notwithstanding the failure of acceptance of each class. This debtor has elected to proceed under the two-prong test set forth in section 1129(b)(2)(A)(i), which requires that,

I. the creditor retain its lien, and

II. the creditor receives deferred cash payments with a present value equal to its allowed claim.

2. Under the proposed plan, Mutual Benefit will retain its lien. Thus, the first prong of the section 1129(b)(2)(A)(i) test is met.

3. The second prong of the test requires the determination of present value. The plan proposes to continue the original maturity of the loan, October 1, 1991. The interest would continue to accrue at the contract rate of 12%, but only 9% would be paid in the form of regular monthly payments with the remaining 3% to be paid in a lump sum at the loan's maturity. The Court must now determine whether this provides for the present value of Mutual Benefit's claim.

■ 4. The appropriate interest rate for § 1129(b)(2)(A) analysis is a weighted average of rates charged by commercial lenders in the same market. *In re Orosco,* 77 B.R. 246, 252, 16 B.C.D. 272, 276 (Bkrtcy.N.D.Ca.1987). Says another Court:

[A]n appropriate interest rate should be calculated on a case by case basis, considering such factors as the prevailing market rate for a loan of equal term to that proposed in the debtor's plan, the quality of the collateral securing the indebtedness, the credit standard of the borrower, and risk of subsequent default.

*In re 360 Inns, Ltd.,* 76 B.R. 573 (Bkrtcy.N.D.Tex.1987). The Courts have rejected the proposition that the debtor's bankruptcy makes it uncreditworthy so that a higher than market rate should be imposed. *Orosco,* 77 B.R. at 254, 16 B.C.D. at 276–277.

■ A witness for the debtor testified that his survey of seven other lenders revealed that the market rate for loans of comparable size, length, nature, and debt to value ration showed a range of 8⅝% to 9¾%. Since the plan provides for 9% interest on Mutual Benefit's claim, the interest rate chosen in the instant plan falls within the parameters suggested by § 1129(b)(2)(A).

■ 5. Mutual Benefit's position that it is entitled to the default rate of interest of 24% is expressly rejected. Mutual Benefit argues it is allowed the increase by virtue of § 506(b). Such an argument is contrary to the case law which has generally held that secured creditors are only entitled to interest at the contract rate. The allowance of the default rate of interest is appropriate only where:

(1) The creditor faces a significant risk of non-payment of its debt;

(2) There is evidence that the lower, contract rate of interest is not a prevailing market rate of interest;

(3) Where the plan calls for a long term reorganization as opposed to a relatively quick payment; and

(4) It appears that the benefits of reorganization would accrue to the equity security holders.

*In re W.S. Sheppley & Co.,* 62 B.R. 271 (Bkrtcy.N.D. Iowa 1986).

■ 6. Mutual Benefit also argues that the amount of its secured claim should be increased to reflect the assessment of a prepayment penalty. However, in electing to foreclose upon its mortgage, Mutual Benefit accelerated the debt and thereby waives its right to the prepayment premium. *Matter of LHD Realty Corp.,* 726 F.2d 327, 330–331 (7th Cir.1984). It is this Court's understanding that a party is not entitled to both an acceleration of its debt *and* a prepayment penalty.

7. The evidence supports that the payment schedule promised by the plan will make full restitution to this creditor.

The plan may be confirmed notwithstanding the nonacceptance of the dissenting class, Mutual Benefit because it provides for the full present value of the secured claim and is in accord with § 1129(b)(2)(A). Mutual Benefit is entitled to principal, interest at the contract rate, and attorneys fees. It is not entitled to default interest or prepayment penalty.

In accordance with these findings, the Court will enter a separate order confirming debtor's plan of reorganization.