**In re PINEBROOK, LTD., a Georgia Limited Partnership, Debtor.**

**Bankruptcy No. 87–349–BKC–3Pl.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 4, 1988.

Ronald L. Bergwerk, Jacksonville, Fla., for debtor.

William J. Deas, Jacksonville, Fla., for Mut. Ben.

## MEMORANDUM OPINION REGARDING DEBTOR'S AMENDED OBJECTION TO CLAIM NUMBER 13

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Debtor's Amended Objection to Claim Number 13 of Mutual Benefit Life Insurance Company ("Mutual Benefit"). The primary issue for the Court's adjudication is whether interest on the promissory note should be assessed at the default or the contract rate for the period between default in payment and the filing of the petition. The secondary issue concerns the necessity to give notice of default as a prerequisite to charging the default rate.

### I. BACKGROUND

Mutual Benefit has filed a claim based upon a non-recourse mortgage loan made to the debtor in the original principal amount of $2,800,000. The note calls for interest on the loan to accrue at the contractual rate of 12 percent per annum, with provisions for a higher interest rate of 24 percent upon default.

The debtor did default under the terms of the loan by failing to make the August 1, 1986, interest payment and all payments thereafter. Mutual Benefit elected to accelerate the balance due and filed a foreclosure action pursuant to Florida law in October of 1986. It is undisputed that Mutual Benefit did not give formal written notice to the debtor of its intention to accelerate the loan prior to the filing of the foreclosure complaint.

On March 9, 1987, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101, et seq. The continuation of the foreclosure action

was governed by the automatic stay of 11 U.S.C. § 362.

On May 11, 1987, the debtor filed its Plan of Reorganization. A confirmation hearing was held December 18, 1987, and was continued to February 9, 1988, for consideration of debtor's § 1129(b) motion for "cramdown" against the sole dissenting creditor class (consisting only of Mutual Benefit). On April 29, 1988, the Court entered Findings of Fact and Conclusions of Law concerning debtor's § 1129(b) motion and found that the plan could be confirmed notwithstanding the rejection of the plan by Mutual Benefit. Those findings have been submitted for publication and may be found at 85 B.R. 160.

In those Findings of Fact and Conclusions of Law, the Court failed to address the issue of whether Mutual Benefit is entitled to interest at the default rate for the period of time between the default, August 1, 1986, and the filing of the petition. Both parties now seek a resolution of this issue via the Amended Objection to Claim Number 13.

## II. DISCUSSION

The note reads as follows:

If default be made in the payment of any of said sums or interest, or default be made in the performance of any covenants or agreements contained in the Mortgage or any other instrument securing this Note, or in the performance of any agreement contained herein, then, at the option of Holder, the principal sum then remaining unpaid with accrued interest shall immediately become due and collectible without notice, time being of the essence; and said principal sum and said accrued interest shall bear interest at the rate of twenty-four percent (24%) per annum, from such time until paid. Failure to exercise said option shall not constitute waiver of the right to exercise the same in the event of any subsequent default.

... Presentment, protest, demand, notice of dishonor, and notice of protest of this Note are hereby waived by all parties now or hereafter liable hereon, whether as makers, endorsers, or otherwise.

The Court must determine whether Mutual Benefit must give notice of non-payment or default prior to claiming interest on the unpaid principal and interest at the default rate of 24 percent. The answer to this question is not crystal clear. However, the Court is able to derive principles from the law surrounding acceleration of amounts due on a mortgage note so as to conclude that notice is not necessary before claiming interest at the default rate.

It is well settled in Florida that a provision in a mortgage and note providing that the whole debt secured thereby is due and payable upon default is a legal, valid, and enforceable agreement. *Campbell v. Werner*, 232 So.2d 252 (Fla. 3d DCA 1970). Ordinarily, before this option to accelerate can be properly exercised, the secured lender must give notice of his intention to accelerate by filing a complaint in foreclosure or giving some other notice of the election to accelerate. However, where the debtor has expressly waived the right to such notice, enforcement of the agreed upon contract is not dependent upon notice. *Corlett v. Wood*, 81 Fla. 510, 88 So. 268 (1921); *Layton v. Orr*, 136 Fla. 847, 187 So. 704 (1939). Here the parties contracted that notice would not be required.

By inserting provisions into the mortgage note, Mutual Benefit clearly reserved unto itself the right to charge interest at the rate of 24 percent per annum upon default and without notice. That right vested upon default in payment and no election or notice to claim such interest was necessary. Such a provision is a valid and enforceable right under Florida law. There is there no evidence of overreaching or other equitable grounds which would justify the Court exercising its discretion to refuse to enforce such clause, and the Court must allow Mutual Benefit's Claim for interest at the default rate of 24 percent.

The Court will enter a separate order overruling the debtor's amended objection to Claim Number 13.