By the Court:
We all concur in opinion with the Supreme Court of the United States upon the first point in this case. In the case of Magruder v. The Bank of Washington, cited by the plaintiff’s counsel, they have settled that the removal of the maker of the note, after it was made, and before its maturity, into a different state, from that where he resided when the note was made, excuses the holder from making actual demand of payment from the maker. Whether a demand should be made at any other place, is not made a point or adjudicated upon in that case. But it seems to us a clear consequence of the decision that such demand is unnecessary. The fact of removal commits the indorser, and dispenses with all demand, unless a particular place be appointed for the payment of the note, in the note itself. In this case, the evidence to prove the removal was admissible, and the jury found the fact of the removal. The verdict can not be disturbed on this point.
Second. The second ground urged for a new trial ,is, that the testimony received to prove that notice was given to the defendant, of the non-payment of the note, was not admissible for that purpose. It is fully proved that the defendant ^resided a part of his time in the country, nine miles from the city, and a part at his mother’s, in the city; but transacted no regular business at either place. Notice of the protest was put into the post-office in the city, from whence a letter carrier distributed letters, who testified that he had carried letters to Lybrand from the post-office. The proof is also clear that Lybrand had directed letters and other matters of business, to be left for him at his-mother’s. There is no evidence in this case, whether there was a post-office nearer to his country residence than that of the city, and the counsel for both parties contend that this omission is in their favor. But, as the question is presented to us, we do not consider the fact very material. All the evidence received, was *300 ■properly admissible. Its sufficiency to charge the defendant might ■depend upon the facts. Proof that there was a nearer post-office, ■would have been a sufficient answer to it before a jury. But this, instead of rendering it originally inadmissible, would be defeating it by counter proof. Its operative effect, not its admissibility, depended upon that fact. And its operative effect, too, would depend entirely upon the light in which the other facts might be considered by the jury. Should they be satisfied from the testimony that the notice actually reached the defendant, or that he ■was in the city, at the time the notice was put in the post-office, and receiving letters by the carrier, the fact of a nearer post-office ■would be considered wholly immaterial. It is, therefore, very clear that the testimony was properly admitted. Its effect is not .now before us, and it is unnecessary to express any opinion •upon it.
New trial refused, and judgment on the verdict.