## ROBERTS V. MASON.

1. The law does not require that an endorsee of mercantile paper shall at all events, demand payment of the maker, or drawer, and give notice of non-payment to the endorsers. It is enough if due diligence has been used, though no demand has been made.

2. Where a note on its face, was " negotiable and payable at the office of discount and deposit of the Bank of the United States at Mobile," it was held, not to impose upon an endorsee, the necessity of making a personal demand of the makers, but only a *presentment on maturity*, at the place designated.

3. And " the office of discount and deposit of the Bank of the United States at Mobile," having ceased to exist previous to the maturity of the note, the endorsee was not bound to call on the makers for payment. Such a requisition would be

to interpolate the contract between the endorsee and endorser, by superadding a further condition, in order to the liability of the latter.

4. The office of discount, &c. at Mobile, having been disposed of, previous to the maturity of the note, by the Bank of the United States to the Bank of Mobile, and the latter made the agent of the former, "for settling the affairs of the office of discount," &c. did not make it necessary for the endorsee to demand payment at the Bank of Mobile.

THE defendant in error brought an action of assumpsit against the plaintiff, in the County Court of Mobile county, as the endorser of a promissory note, of the following tenor, viz:

"MOBILE, 17th November, 1834.

"$2005 39.    Twenty-four months after date, we promise to pay Willis Roberts or order, two thousand and five dollars and thirty-nine cents, for value received, negotiable and payable at the office of discount and deposit of the Bank of the United States at Mobile.    [Signed]    MATHER & ROBERTS."

The case was tried on the *general issue,* and a verdict and judgment rendered in favor of the defendant in error.    On the trial, the presiding judge sealed a bill of exceptions, from which it appears, that the note declared on, together with the protest thereof for non-payment, was offered in evidence.    The protest disclosed that the note at its maturity, was presented at the Branch of the Bank of the State of Alabama at Mobile, and payment of the same demanded there, and not elsewhere, which being refused, the note was protested for non-payment, and notice duly given to the plaintiff in error.

Proof was adduced to show that the office of discount and deposit of the Bank of the United States at Mobile, was sold and disposed of to the Bank of Mobile, and that the Bank of Mobile became agent for the Bank of the United States, previous to the *fourth of March*, 1836, for the purpose of settling the affairs of the office of discount and deposit at Mobile.    Evidence was also introduced tending to show that Joel A. Roberts, one of the makers of the note, resided in Mobile at the time the same fell due, and had a known place of business there.

The counsel for the plaintiff in error, moved the court to instruct the jury, that if they were satisfied from the proof, that

the Bank of Mobile became the agent or successor of the office of discount and deposit of the United States Bank at Mobile, and that one of the makers of the note resided in Mobile, and had a known place of business there at the time the same fell due, then the presentment and demand of payment at the Branch of the Bank of the State of Alabama at Mobile, was insufficient to charge the defendant; which charge the court refused to give, but instructed the jury, that the note having become due after the passage of the act of 1836, a demand and refusal of payment at the Branch of the Bank of the State of Alabama at Mobile was sufficient. Whereupon the plaintiff in error excepted, and that the judgment of the County Court may be reversed, he has sued out a writ of error to this Court.

J. A. CAMPBELL, for the plaintiff in error.
HALL, contra.

COLLIER, C. J.—The only question raised in this case is, whether the instruction of the judge of the county court to the jury, is conformable to law.

Where a note designates, upon its face, a certain place of payment, a demand by the holder at the place designated, is a condition precedent to an *endorser's* liability. (Roche v. Campbell, 3 Camp. Rep. 247 ; Sebree v. Dorr, 9 Wheat. Rep. 558 ; Bank of the U. S. v. Smith, 11 Wheat. Rep. 171 ; Irvine v. Withers, 1 Stewart's Rep. 234.)

In Erwin v. Adams, (2 Miller's Lou. Rep. 318) it was considered incumbent upon the holder of paper payable at a particular place, there to present it for payment, but if the place ceased to exist, a demand would not be regarded as a prerequisite to the right of recovery.

Though it is clearly settled, that as against the endorser, when a note is payable at a certain place, it must be there presented for payment, yet, when it is made payable at bank, and the note is placed in the hands of the cashier of that bank for collection, there is no necessity for his making a specific or clamorous demand. The legal requirements as to presentment and demand,

are complied with if the note is in bank at the time it falls due, in the hands of the cashier, who was ready to receive the money (Shaw v. Reed, 12 Pick. Rep. 152; Ogden *et al.* v. Dolbin & Evans, 2 Hall's Rep. 112.)

Let us apply the positions we have laid down, to the facts in the record. The note on which the plaintiff is sought to be charged as an endorser is by its terms, " negotiable and payable at the office of discount and deposit of the Bank of the United States at Mobile." The proof shows that the place of payment ceased to exist, previous to the maturity of the note; the office of discount and deposit being sold to the Bank of Mobile, and this latter institution, " the agent of the Bank of the United States." This being the case, it was impossible for the holder to have presented the note for payment at the place designated, on the day on which it became due, and there was no necessity, as we have seen, to have deposited with the cashier at an earlier period.

A demand at the Bank of Mobile, would have availed nothing; the terms of the contract did not impose upon the defendant in error, such a duty, nor did the transaction between that bank and the office of discount and deposit, furnish any just ground to expect that payment of the note would there have been met. The office of discount and deposit, as may be inferred from the proof stated in the bill of exceptions, was subject to the Bank of the United States; for we are explicity informed the " office of discount and deposit of the Bank of the United States, at Mobile, was sold and disposed of to the Bank of Mobile, and that the said Bank of Mobile, then and there, *to wit*: before the fourth of March, 1836, bceame the agent of the Bank of the United States, for settling the affairs of the office of discount and deposit of said Bank, at Mobile."

By the sale and disposition of the office of discount and deposit, we are to understand that the Mobile Bank became the proprietor of the bills, notes and other credits, securities, etc. which it then held, or was entitled to. And by what subsequently follows in the recital of the evidence, we think it clearly inferrable, that this sale was *in trust* for the Bank of the United States, and made the Mobile Bank its agent, for settling the

affairs of the office of discount and deposit. Now it cannot be insisted that the note, on the endorsement of which, the plaintiff in error is attempted to be charged, was a subject of the sale to the Bank of Mobile, or its collection within the scope of the agency conferred upon that bank, by the Bank of the United States. No property, either general or special in the note, had vested in the office of discount or deposit, either by a transfer in the ordinary course of business, or by placing the paper there for collection, it then did not pertain to its business; and by constituting the Bank of Mobile, "the agent of the Bank of the United States, for settling the affairs of the office of discount and deposit of that Bank at Mobile," the duty was not imposed upon the defendant in error, of demanding payment of the agent.

The law does not require that the holder of endorsed paper, shall at all events demand payment, or give notice in order to charge the endorser. It is enough that due diligence has been used, though no demand has been made. (Lanusse v. Massicott *et al.*, 3 Martin's Rep. 261.) An endorsee is not bound to prove a demand on the maker, where he absconds before the note falls due. (Putnam *et al.* v. Sullivan *et al.*, 4 Mass. Rep. 45.) Nor is the holder of a note bound to make a demand where the maker has removed from the State, in which he resided at the time of making the note. [Gist. v. Lybrand, 3 Ohio Rep. 307; McGruder v. The Bank of Washington, 6 Wheaton's Rep. 140.] And it has been holden where the maker is a seaman without any domicil in the State, who goes on a voyage about the time the note falls due, no demand on him is necessary to charge the endorser. [Barrett v. Wills, 4 Leigh's Rep. 114.] We cite these cases merely to show that the law does not always require the holder of paper to demand payment of the maker, in order to charge an endorser, where no particular place of payment is designated—all it enjoins upon the holder, is to use due diligence. But the note which was endorsed by the plaintiff, did not impose upon the endorsee, the necessity of making a personal demand of the makers, but only a presentment on maturity at the place named in its face. This being impracticable

48

Roberts v. Mason.

for the reasons already stated, was the holder bound to call on the makers for payment? We think not.

The contract of endorsement was in law, an agreement on the part of the plaintiff in error to pay to the defendant, if the note should be duly presented for payment at the office of discount and deposit of the Bank of the United States, at Mobile, and legal notice be given him of the default of the makers, in the event of their failure to provide for it. One of the conditions on which the liability of the plaintiff depended, it became impossible to perform, in consequence of the office of discount and deposit ceasing to exist previous to the maturity of the note. But it is not pretended that, that occurrence was produced by the instrumentality of the defendant, and it cannot be held to interpolate the contract of endorsement, so as to make the endorser's liability, depend upon the performance of a condition by the endorsee, which did not constitute a part of the original contract. There was then no error, in the refusal of the circuit court to instruct the jury, that to charge the plaintiff as endorser, a demand should be made of the maker who resided in Mobile.

This view of the case renders it entirely unnecessary to consider the effect of the act of January, 1836, entitled an act "to amend the charter of the Branch of the Bank of the State of Alabama, at Mobile, and for other purposes." It is immaterial whether that act, so far as it makes it *lawful* for the Branch of the State Bank, to receive for collection, &c. any note or bill made payable at the office of discount and deposit of the Bank of the United States, at Mobile, interferes with the obligation of contracts. The presentment of the note for payment there, in the present case was an act of supererogation, and of consequence ineffectual for any purpose.

The result of our opinion is, that there is no error in the proceedings of the county court, and its judgment is consequently affirmed.