LILLIAN L. MEREDITH and J. J. MEREDITH, *Appellants*, v. DAVID D. LONG, JAMES MACFADYEAN, JANE MACFADYEAN and WILLIAM D. COSS, *Appellees*.

En Banc.

Opinion filed December 5, 1928.

*McRae* and *Davis,* Solicitors for Appellants;

No appearance for Appellees.

Brown, J.—This is an appeal from a decree of fore-closure. The bill was filed May 21, 1926. The appellants had purchased the property on contract shortly subsequent to the time the mortgage was made and subject to such mortgage. The note was secured by the mortgage, was for $3,000.00, dated June 20, 1924, due three years after date, and bore interest at 8 per cent, payable semi-anually. The mortgage provided that upon default in the payment of interest the whole amount of principal and interest should, at the option of the mortgagee, at once become due and payable. The bill alleged that no interest had been paid on the note and mortgage except $80.00 paid between November, 1924, and February, 1925, and that complainant elected to declare the whole amount of principle and interest due. When it came to the taking of testimony before a special master on April 15, 1927, the complainant mortgagee was not examined. One of the mortgagors was examined in behalf of the complainant, and testified that he personally had not made any payments whatever on the mortgage debt. He did not testify, however, that the purchasers had made no payments. He further testified that the mortgagee had told him he had been paid four payments of $20.00 each. This was stricken on motion of appellants as hearsay, but the bill admitted practically the same thing. Counsel for appellants then moved to strike the testimony of this witness on the ground that no sufficient evidence of default had been offered. Counsel for complainant then took the stand. He testified that as attorney for complainant he elected to declare the principle note due "for the following reason: that the semi-annual interest due June 20, 1926, and January 20, 1927, have not

been paid." That the note for $3,000.00 had been "in my hands for collection since May, 1926," and had been presented by him for payment without avail to both the original mortgagor and one of the appellants. This was in substance all the evidence submitted. The appellants then made an effort by petition to file an amended answer, alleging that the original answer had been filed by their attorney in fact during their absence from the State, they having been served by publication, and that such original answer was made under a misapprehension of the facts by such attorney in fact. The amended answer, which was tendered, evidently intended to set up that an arrangement had been made on behalf of complainant by which a certain bank was authorized to collect the amount due on appellant's contract for purchase and apply the payments so as to take care of the amounts falling due under complainant's mortgage, and that in addition to the $80.00 which had been paid complainant, above referred to, they had tendered to the bank the money to pay the interest on the mortgage as it fell due, and that the bank had refused to accept such payments; that therefore there was no legal default in payment of interest up to the time the bill was filed. But there was no direct or clear averment that complainant had himself authorized the bank to collect, or receive payment, of such interest payments on said mortgage note, and the court below should not therefore be held to have abused its discretion in not allowing the amended answer, with such imperfect allegations, to be filed at that late stage in the proceeding. However, there was no satisfactory or sufficient proof made of default in payments of interest falling due before the bill was filed. The witness who was examined for complainant, one of the original mortgagors, merely testified that *he* had made no payments. The testimony of complainant's solicitor tended

to show that no default had taken place prior to the filing of the bill on May 21, 1926, inasmuch as he attempted, in his testimony at the hearing, to exercise the option to declare the principal note due for nonpayment of interest falling due subsequently to the filing of the bill, on, to-wit, June 20, 1926, and January 20, 1927. The complainant had already, in his bill, elected to declare the principle note due because of default in payments of interest alleged to have occurred before the filing of his bill. The institution of the suit itself, if begun after a default had occurred, would have operated as an exercise of the option to treat the principal sum as due, as stipulated for in this mortgage. Prince v. Mahin, 73 Fla., 74 So. R., 696. In the absence of postive proof of such default on the hearing, and the testimony of complainant's solicitor indicating that the defaults probably took place after the suit begun, it appears that the bill was prematurely filed, and that the exception of the defendants, appellant's here, to the sufficiency of the evidence to sustain the allegation or default as made in the bill, and to the report of the master, appear to have been well taken.

In the absence of proper supplemental bill, filed after due permission granted, the general rule is that the right of a complainant to the relief prayed must be determined according to the facts existing at the time the original bill was filed. If he had no valid and subsisting cause of action on the facts existing at that time, the defect cannot ordinarily be remedied by the acquition or accrual of one while the suit is pending. But on application seasonably made, a court of equity will, in certain proper cases, allow a supplemental bill to be filed. Ledwith v. Jacksonville, 32 Fla., 1, 13 So. R. 454; Crump v. Perkins, 18 Fla. 353; Gracy v. Fielding, 83 Fla. 388, 91 So. R. 373; 1 C. J. 1150; 21 C. J. 540-542. In some jurisdictions, some matters newly arising after suit began may be brought in by

way of amendment. 21 C. J. 526, and cases cited. It is not necessary for us here to determine what matters of this nature may be properly brought in by supplemental bill, or what by way of amendment, as neither was filed, or permission to file applied for, in this case.

From what has been above pointed out, it appears that there is error in the record and that the decree appealed from is not sustained by sufficient legal evidence, which requires a reversal.

Reversed.

WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.

ELLIS, C. J. dissents.