OTTO C. STEGEMANN, et al., *Appellants,* v. E. S. EMERY, *Appellee.*

146 So. 650.

Division .B.

Opinion filed March 10, 1933

*Otto C. Stegemann* and *John L. Neeley,* for Appellants.

*Henry K. Gibson* and *W. F. Parker,* for Appellee.

BUFORD, J.—In this case a bill to foreclose a mortgage based the right to maintain the suit upon the invoking of an acceleration clause contained in the mortgage. The bill alleges:

"Your orator shows unto this Honorable Court that when a part of the principal in the amount of $750.00 fell due on April 1, 1928, the same.was not paid, nor any part thereof; that subsequent to said April 1, 1928, and on to-wit April 1, 1929, and April 1, 1930, payments of principal amounting to $750.00 each, became due, and the same were not paid, and have not since been paid, nor any part thereof, although said payments are justly due and owing; that by reason of said failure to make payments when the same severally became due, by virtue of the said mortgage deed, your orator has elected to declare and has declared the entire amount of said principal and interest due; that no payments of interest have ever been made; that there is now due to your orator the principal sum of Fifteen Thousand Dollars ($15,000.00) with interest thereon from the 23rd day of March, A. D. 1927, until fully paid, together with reason-

able attorney's fees and all costs in connection with the fore-closure of this mortgage."

The notes and mortgage both provide, "both principal and interest being payable at the office of the Bank of Bay Biscayne, Miami, Florida."

Section 4749 R. G. S., 6835 C. G. L. provides:

"WHAT IS SUFFICIENT PRESENTMENT—Presentment for payment, to be sufficient, must be made:

"1.   By the holder, or by some person authorized to receive payment on his behalf.

"2.   At a reasonable hour on a business day.

"3.   At a proper place as herein defined.

"4.   To the person primarily liable on the instrument, or if he is absent or inaccesible, to any person found at the place where the presentment is made.   (Ch. 4524, Acts 1897, No. 72.)"

Section 4750 R. G. S., 6836 C. G. L., provides:

"PLACE OF PRESENTMENT.—Presentment for payment is made at the proper place.

"1.   Where a place of payment is specified in the instrument and it is there presented.

"2.   Where no place of payment is specified but the address of the person to make payment is given in the instrument, and it is there presented;

"3.   Where no place of payment is specified and no address is given and the instrument is presented at the usual place of business or residence of the person to make payment.

"4.   In any other case if presented to the person to make payment wherever he can be found, or if presented at his last known place of business or residence. (Id. No. 73.)"

Section 4751 R. G. S., 6837 C. G. L., provides:

"Exhibit and Delivery of Instrument.—The instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it."

Section 4752 R. G. S., 6838 C. G. L. provides:

"Instruments Payable at a Bank.—Where the instrument is payable at a bank, presentment for payment must be made during banking hours, unless the person to make payment has no funds there to meet it at any time during the day, in which case presentment at any hour before the bank closed on that day is sufficient. (Id. No. 75)"

The record shows that neither the notes nor the mortgage were ever presented on the due dates thereof or at any other dates near thereunto at the Bank of Bay Biscayne for payment, nor were they ever presented to the makers thereof for payment.

The record further shows that the defendant applied at the Bank of Bay Biscayne in Miami, Florida, for the exhibition of the notes for the purpose of making payment thereof at each interest and installment period and that as to the first interest and installment due he took the money with which to pay the same to the Bank and left it there for a long period of time for the purpose of paying the installment of principal and the interest due.

The record shows that the suit was filed without demand being made upon the makers at the place designated for payment and no notice was given to the makers that acceleration would be invoked.

What may have occurred after the institution of the suit is immaterial so far as the complainant's right to maintain the suit is concerned. The suit may not be maintained upon

an after-acquired right. See Meredith v. Long, 96 Fla. 719, 119 Sou. 114.

In Jaudon *et ux* v. Equitable Life Assurance Society of United States, 102 Fla. 782, 13 Sou. 517, we held:

"While the mere filing of foreclosure suit may sufficiently show complainant's election to exercise his option to accelerate the whole mortgage debt, yet, where there is substantial evidence of waiver, a court of equity may require reasonable notice and an opportunity given defendent to make payments actually due before enforcing the whole debt. "

And in the same case we also held:

"Where the holder of a mortgage does not, within a reasonable time after default in payment of installments, elect to exercise his option to accelerate and declare whole mortgage debt due and payable, equity may require a reasonable notice to mortgagors and an opportunity given to pay all installments they are in duty bound to pay before filing suit to enforce whole mortgage debt."

In Fegers. v. Pompano Farms, filed January 27, 1932, reported 139 So. 201, this Court said:

"an answer was later filed by the defendants in which they alleged that they tendered payment in full of interest due prior to the institution of suit and prior to any notice that the complainant would exercise its option to accelerate the due date of the mortgage because of the default in the payment of interest. Demurrer to the answer was sustained. This ruling of the court should be reversed on authority of the opinion and cases cited in Clay v. Girdner, *supra.*"

In Clay v. Girdner, 103 Fla. 135, 138 So. 490, we held:

"Where a mortgage provides that upon failure in the payment of interest, or other breaches of condition, the

mortgagee shall have the option of declaring the principal sum due, the mere filing of a bill is ordinarily sufficient to show exercise of the option.

"The mere placing of a mortgage, and notes secured by it, in the hands of a solicitor for collection and foreclosure, 'in case same were not immediately paid' may not be such an exercise of the option as would preclude the obligor making payment.

"A mortgagor cannot merely in his own mind effectively exercise the option to declare the whole principal debt due; he must either communicate his decision to the record or known obligor or manifest his election by some affirmative outward act.

"Until a person liable for a past-due payment has notice, constructive or otherwise, that the holder has exercised his option to declare the whole indebtedness due, the person liable for such past due payment should be permitted to pay it.

"Where the foreclosure of a mortgage in default is made 'optional' with the mortgagee, some affirmative action must be taken by him evidencing his election to take advantage of the accelerating provision, otherwise the provision has no operation and the person liable has a right to tender payment."

It appears to be well settled that where the place of payment is designated in the note as a particular bank, presentment and demand at the specified bank are necessary to charge either the maker or endorser, unless presentment and demand may be made personally to the party charged. See Roberts v. Mason, 1 Ala. 373; Myers Co. v. Battle, 86 S. E. 1034; Sullivan v. Mitchell, 4 N. C. 96, 6 Am. Ded. 546; Peabody Ins. Co. v. Wilson, 29 W. Va. 528, 2 S. E. 888.

The rule which requires presentment as well as demand, for payment is just and proper. A negotiable note becomes a courier without luggage and the only way that the maker may know where it is or to whom payment is due is by having it presented to him by the party who claims the right to the payment.

It would be most unfair, unreasonable and unjust to hold that A, the payee of a series of negotiable notes, evidencing a debt payable in installments could withhold presentation of the first maturing installment notes and then after maturity without notice to the maker, invoke the acceleration clause contained in the notes upon the theory that default had been made in payment. Such procedure would be to allow the payee in effect to change the terms of payment entirely and to take an unconscionable advantage of his debtor.

The notes and mortgage here involved were transferred and assigned to the complainant after maturity of several installments and after the date when interest payments were due. The complainant therefore, acquired rights to enforce payment no greater than those obtaining on behalf of his assignor when the assignment was made.

The record shows that the complainant was not entitled to invoke the acceleration clause and thereupon foreclose the mortgage at the time the suit was instituted. Therefore, the decree should be reversed with directions that an order be entered dismissing the bill of complaint without prejudice, unless timely motion shall be made and granted to file a supplemental bill.

It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J. J., concur.

DAVIS, C. J. and TERRELL, J., concur in the opinion and judgment.