DREW, Justice.
The opinion of the district court in this case[1] fully states the facts upon which sev *2 eral decrees were entered subordinating the claims of the petitioner to that of the respondent, intervenor in mortgage foreclosure actions instituted by petitioner against certain realty. The trial court found the mortgages, held by petitioner as assignee after maturity, were severally void, but granted equitable liens in each instance in its favor. The proceeds of these liens were ordered paid to respondent in reduction of a debt owed by petitioner’s assignor and secured by an agreement to hold the several mortgages as collateral security. Respondent did not obtain possession of the instruments nor obtain any assignments thereof, and neither the petitioner nor the mortgagors had notice of the pledge contract. The decision of the district court was that the petitioner occupied the status of an assignee of choses in action or the holder of non-negotiable instruments and its interest would be subject to the equitable claim of respondent against petitioner’s assignor.
Certiorari has been granted on the ground of conflict between this decision and that in Boulevard National Bank of Miami v. Air Metals Industries, Inc.,[2] holding that the principles of delivery and possession governing personalty and negotiable instruments apply “with equal urgency to choses in action which are the subject of assignment,” and such an assignment is not subject to a claim against the chose in action arising out of an earlier transaction with the assignor “unaccompanied by any manifestations discernable to others having or considering the acquiring of an interest” therein.[3]
It is apparent that a literal and absolute application of the broad principle relied on below, that an assignee’s legal position is the same as that of his assignor, would always result in priority for the earliest of successive assignments from the same party. That, however, was precisely the contention rejected in the decision cited for conflict, in which this Court adopted the rule that an earlier claim to a chose in action will not have priority in the absence of some “manifestations discernable to others” for the purpose of effecting delivery and putting subsequent interests on notice.
The factual conclusion in the present case was that by the assignment and delivery of instruments void as mortgages the petitioner received only an assignment of an unliquidated claim against the mortgagors, which claim the assignor had previously agreed to hold as collateral for an independent debt to respondent. The agreement with respondent was con-cededly insufficient to vest a pledgee’s special interest because of the requirement of delivery under our law.[4] We are unable to discern any ground upon which it can be accorded priority as an equitable claim against petitioner’s lien. Nor can we see any reasonable distinction between the rights assigned here and those covered by the rule on successive assignments in the case above cited, involving accounts receivable.
The rule that the assignee of a matured debt acquires no greater rights than his assignor is most frequently stated with reference to rights of the assignor against the debtor.[5] While its application is not specifically so limited in earlier opinions, we find no Florida case applying the doctrine in the circumstances here presented. The cases hold only that priority of an antecedent claimant may be based on such *3 circumstances as possession of the property itself [6] or the possession of the instrument evidencing the indebtedness.[7] We think the decisions involving matured notes and mortgages are, because of the facts noted, readily reconcilable with the current rule of priority in transfers of choses in action or accounts receivable, and both are consistent with established principles governing transfer of personal property generally.[8]
General authorities on the subject note a conflict as to the extent to which third party equities can prevail over an assignment made without actual notice of such equities, but comment in conclusion that “ * * * the apparent discrepancy which exists among similar cases may be explained, and at least partly removed, by certain well-settled principles of equity which are recognized by all courts. The equity of the second assignee may, from some intrinsic element or some external incident, be 'superior,’ and may therefore be entitled to a precedence; * * * or the holder of the prior equity may have been guilty of laches or other conduct making it inequitable to subject an innocent subsequent assignee to his claim.” Sec. 715, Pomeroy’s Equity Jurisprudence.
We believe the equitable principle governing priority between innocent parties requires that the loss in the case at bar fall on respondent.[9] Respondent’s failure when the loan was originally made to secure and record an assignment of the obligations, or even the possession thereof, made the subsequent machinations of the assignor possible. Even then had respondent given notice to the obligors, which was never done, such would have provided an avenue by which diligent inquiry on the part of third parties could well have prevented loss or deception.
Reversed and remanded with directions that the entry of a decree for plaintiff be required in accordance herewith.
THORNAL, C. J„ and THOMAS, ROBERTS and O’CONNELL, JJ., concur.

. 182 So.2d 450.

. Fla., 176 So.2d 94.

. Ibid, p. 98.

. 182 So.2d 450, 452.

. Stegemann v. Emery, 108 Fla. 672, 146 So. 650, 652; Coffin v. Talbot, 1933, 110 Fla. 131, 148 So. 184, 187.

. Florida Land Holding Corp. v. McMillen, 1938, 135 Fla. 431, 186 So. 188.

. Hulet v. Denison, 146 Fla. 478, 1 So.2d 467. This decision, subordinating an assignment after maturity (by a party to whom assignment was made as collateral for a debt subsequently paid) to an earlier unrecorded assignment accompanied by possession of the mortgages, does not purport to adopt or approve in absolute but merely notes without comment a statement from Jones on Mortgages, Sec. 1069, that “An assignee is not protected against the equities of third persons if the assignment was taken * * * after maturity of the debt secured.” In conclusion, and for obvious reasons on the basis of the stated facts, the court said: “We do not recognize this as one of those cases where one of two innocent people must suffer.”

. Text treatment of the rule that the position of an assignee is that of his assignor recognizes the qualifying principle: “ * * * The equities of the debtor will always prevail, unless he is estopped; but equities in favor of third parties (sometimes called ‘latent equities’) do not defeat the assignee, in the absence of notice, according to the many authorities.” 11 Am.Jur.2d., Bills and Notes, Sec. 377, also Sec. 389, 484.

. “ * * * he who is the cause or occasion of that condition by which the loss has been caused or occasioned ought to bear it.” Florida Land Holding Corp. v. McMillen, note 6 supra, citing numerous case applications of the rule.