254 So.2d 51 (1971)
The CITY COUNCIL OF the CITY OF NORTH MIAMI BEACH, and David Lapham, As Mayor of the City of North Miami Beach, a Municipal Corporation of the State of Florida, Appellants,
v.
TREBOR CONSTRUCTION CORP., a Florida Corporation, Appellee.
No. 71-225.
District Court of Appeal of Florida, Third District.
October 26, 1971.
Rehearing Denied November 23, 1971.
*52 Burton Loebl, North Miami Beach, Richard H.W. Maloy, Coral Gables, for appellants.
Goldstein, Franklin, Chonin & Schrank, North Miami Beach, for appellee.
Before SWANN, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
The appellants, City Council of the City of North Miami Beach, and the Mayor of the City of North Miami Beach *53 appeal a final judgment in certiorari which ordered in part as follows:
* * * * * *
"3. The provisions of Sections 24-76 and 24-77 of the Code of Ordinances of the City of North Miami Beach to wit:
`(3) * * * provided, however, that the plans and specifications for such construction be submitted through the building department to the mayor and city council at a regular council meeting for the mayor and council's approval and ratification.'
fails to establish rules, standards or guides for the granting or withholding of use permits and, therefore, are null, void, and of no effect.
"4. The provisions of Sections 24-76 and 24-77 of the Code of Ordinances of the City of North Miami Beach, as applied to Petitioner, operated to deny Petitioner due process of law and equal protection of the law.
"5. The action of the mayor and council of the City of North Miami Beach in denying the use variance sought by Petitioner was erroneous and such action is hereby quashed."
* * * * * *
The final order was entered upon a petition brought in the circuit court by the appellee here. On this appeal appellants urge that the trial court should have dismissed the petition for certiorari because certiorari was not the proper method for the review of the action of the city council. It is urged that petitioner-appellee was proceeding under chapter 176, Florida Statutes, F.S.A., and that there was no evidence in the record that the city had elected to come under the provisions of said statute. See Pinellas County v. Laumer, Fla. 1957, 94 So.2d 837; Thompson v. City of Miami, Fla. 1964, 167 So.2d 841. We hold that this contention is not grounds for reversal on this record because Florida Appellate Rule 4.1, 32 F.S.A., provides that review of administrative boards and agencies shall be by certiorari. In addition, a review of this record establishes that the appellant who was respondent below was in no way limited in its defense of this action to declare unlawful a portion of one of its ordinances. If it should be conceded that the action should have been by complaint for injunction or for declaratory relief as is contended by appellant, then the error of the form of the pleading has not operated to harm appellant and therefore would not be reversible error. As a matter of settled principle appellate courts will not reverse a judgment simply because a plaintiff has taken a wrong route to relief to which he is entitled. cf. Wincor v. Turner, Fla. 1968, 215 So.2d 3. The Supreme Court stated in Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662 at 664:
* * * * * *
"No longer are we concerned with the `tricks and technicalities of the trade.' The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize."
* * * * * *
The holding of the trial court that sections 24-76 and 24-77 of the Code of Ordinances of the City of North Miami Beach as quoted above fails to establish rules, standards or guides for the granting or withholding of residential use permits in B-1A districts is fully supported by the law as set forth in North Bay Village v. Blackwell, Fla. 1956, 88 So.2d 524 and City of Homestead v. Schild, Fla.App. 1969, 227 So.2d 540. To further discuss the proposition fully expounded in these cases would be useless repetition.
Appellant, however, argues that if the trial court properly held the provision of the ordinance unlawful, it should have struck from the ordinance the entire sections rather than eliminating the objectionable language relating to the provision for use permits in the ordinance. The *54 matter arose as follows. The appellee wished to build a residence property in a part of the city zoned for business. The zoning ordinance of the City of North Miami Beach provided that residential structures could be built in some areas zoned for business but only when the plans and specifications were submitted to the mayor and city council and approved by them. The question to be determined is whether the provision in the ordinance for the building of residential structures in certain business areas is so linked with the invalid provision that the entire section would not have been enacted without the invalid provision. The trial court determined that this result did not follow and that therefore only the objectionable language need be eliminated. The test to be applied has been set forth by the Supreme Court of Florida in Small v. Sun Oil Co., Fla. 1969, 222 So.2d 196 at page 199, where the court held:
"When, however, the valid and the void parts of a statute are mutually connected with and dependent upon each other as conditions, considerations, or compensations for each other, then a severance of the good from the bad would effect a result not contemplated by the Legislature; and in this situation a severability clause is not compatible with the legislative intent and cannot be applied to save the valid parts of the statute."
The determination in any particular instance of whether this test has been met is a mixed question of law and fact to be determined by the trial court with appropriate review of the conclusion in the appellate court. Cf. Larson v. Lesser, Fla. 1958, 106 So.2d 188; Kass v. Lewin, Fla. 1958, 104 So.2d 572. Under the circumstances of this case, we are not convinced as a matter of law that the provision for the building of residence structures in business areas is so causatively entwined with the invalid provision that the entire provision must fall. Therefore, the appellant has failed to establish error on this point.
Appellant further urges that the final order is erroneous because it leaves the city helpless and unable to enforce any reasonable requirement for safety or other proper public purpose in this instance. This argument is directed particularly against the sixth and last paragraph of the trial court's order:
* * * * * *
"6. The respondents shall forthwith approve the use variance sought by Petitioner and shall not interfere with Petitioner's right to proceed with the erection of a multiple family dwelling on the real property described in Petitioner's Amended Petition for Certiorari pursuant to the plans and specifications heretofore submitted to and approved by the Building Department of the City of North Miami Beach."
* * * * * *
We think that this criticism of the paragraph is proper and that it was reversible error for the trial judge to transcend the limits of the petition before him which was to declare invalid a section of the zoning ordinance. Having declared the portion of the zoning ordinance invalid it was not necessary or proper to proceed further by the granting of a mandatory injunction against the city. We are convinced that even though the result of a trial judge in declaring a portion of the zoning ordinance invalid may be to allow appellee to build a residential structure in an area zoned for business, it does not operate to relieve the appellee from all responsibility in the matter of the preparation and submission of plans and specifications to the proper offices of the city. This is especially true in this case because the record shows that the appellee did not present plans and specifications to the city council. At the direction of the city council he submitted only a plot plan. This court will take judicial knowledge of the fact that in this area, in order for a city to require a builder to construct a safe structure, it is necessary to have detailed plans and specifications *55 which must be checked against the building code in force.
The other points presented by the appellant have been considered and found to be without merit. We therefore reverse that portion of the final order which grants to the petitioner-appellee injunctive relief and affirm the remaining portions thereof.
Affirmed in part and reversed in part.