PER CURIAM.
This is an appeal from a final judgment of mandatory injunction ordering defendant-appellant, City of North Miami, to issue to plaintiff-appellee, Outrigger Club, Inc., a building permit for the construction of three sixteen story condominium apart *13 ment buildings in a suit seeking declaratory and injunctive relief. The granting of this building permit was ordered by the lower court after the building and zoning department of appellant city had issued permits for the construction of models to be used for the sale of the condominium apartments and authorized the driving of test pilings for a sixteen story building, and then denied appellee’s application for a sixteen story building permit.
The Outrigger Club, Inc. is the beneficial owner of real property located in the City of North Miami and situated within a District 2-C zoning classification as provided in Section 29-41.01 of the Code of Ordinances of the City of North Miami. The 2-C classification includes by reference the provisions of District 1-B1 of the Code of Ordinances of the City of North Miami. The pertinent part of the 1-B1 classification relating to this case is as follows :
“(K) Buildings forty feet or more in height. No building or structure shall be erected or altered to a height exceeding one hundred sixty-five feet (165 ft.), or sixteen (16) stories, whichever first occurs. All buildings or structures forty feet (40 ft.) or more in height shall be subject to the following provisions and regulations:

Appellee’s interpretation of the interaction of the 2-C and 1-B1 zoning ordinances gives one the authority to build a structure to a height of either 165 feet or sixteen stories on land with a 2-C classification.
Appellant city contends that the height limitation of forty feet in Section 29-50 of the Code of Ordinances of the City of North Miami supercedes and limits the permitted height of 165 feet when a building located in a 2-C zoning district is constructed in compliance with the regulations of a 1-B1 zoning district. Section 29-50 is as follows:
“Sec. 29-50. High structures.
Any tower, aerial, tank, windmill or building, or part thereof, or whatsoever kind or nature of over forty feet in height shall be considered a high struo ture. Before any such high structure shall be erected, • plans thereof shall be submitted to the board of adjustment which board shall submit its recommendations to the city council for approval before permit therefor shall be issued.”
The divergent interpretations of the City of North Miami zoning ordinances here under consideration give the central question to be decided by this court, to-wit: In an area where the zoning classification permits the uses of District 1-B1 zoning, does § 29-50 of the Code of Ordinances of the City of North Miami impose the requirement of city council approval before a building can be constructed above forty feet?
Included in both the City of North Miami zoning districts 1-B1 and 2-C are regulations and criteria which must' be complied with whenever an approved structure is built within each particular zoning district. These regulations deal with essential characteristics peculiar to the zoning district in question such as use, height, set back, lot coverage and density, and it is mandatory that the applicable regulations are complied with whenever a building is constructed in each district.
It is common practice for governmental bodies with the responsibility for creating zoning districts to incorporate the provisions of one zoning classification within another usually less restrictive zoning classification. When this is done the various provisions and regulations governing each separate zoning district are not abandoned or commingled. To the contrary, the regulations of each district remain in effect. If, for example, a single family residence was permitted to be built in an area zoned commercial, the plans would have to comply with the criteria de *14 manded by the regulations governing the construction of a single family residence in a single family zoning district rather than the regulations which govern a commercial structure.
In the instant factual situation appellee’s property was within a 2-C zoning district, which classification included the uses of a 1-B1 zoning district. In this situation a building permitted in a 1-B1 zoning classification can be erected in a 2-C zoning district, but that apartment building must be constructed in accordance with all of the regulations contained in the 1-B1 district. Unless all of the 1-B1 regulations are applicable it is a fallacy to argue that the 1-B1 zoning classification is permitted in the subject area. We hold that the 1-B1 district when authorized in another zoning district does not require approval of the city council to construct buildings above forty feet, appellee is entitled to build within the permitted height restrictions of 1-B1, and the forty feet height limitations of § 29-50 do not apply to the 1-B1 district.
Appellant city also urges that it was error for the trial court to order the appropriate authorities to issue a building permit to the Outrigger Club, Inc. without first allowing the city to examine the proposed building plans. The record reflects that the city refused a tender of the subject plans; nevertheless, the city has the responsibility to review the plans to insure that they meet the criteria established in its building code for a safe structure. City Council, No. Miami Beach v. Trebor Const. Corp., Fla.App.1971, 254 So.2d 51. We hold, therefore, that the city should review the plans and that such review by the city be expedited. Therefore, it is ordered that appellee submit its building plans to the appropriate city office for approval.
Accordingly, the decree of the lower court is affirmed with the modifications directed herein.