277 So.2d 15 (1973)
The STATE of Florida, On the Relation of OUTRIGGER CLUB, INC., a Florida Corporation, Relator,
v.
Thomas H. BARKDULL, Jr., As Chief Judge of the District Court of Appeal of Florida, Third District, et al., Respondents.
No. 43465.
Supreme Court of Florida.
April 6, 1973.
Law Offices of Leo Greenfield, North Miami, for relator.
Thomas H. Barkdull, Jr., Chief Judge of the District Court of Appeal of Florida, Third District pro se, and Kahn & Clein, Miami, for respondents.
*16 ADKINS, Justice.
We consider here a suggestion for writ of prohibition to the Third District Court of Appeal. Rule nisi has issued, and a return has been filed. We have jurisdiction pursuant to Fla. Const. art. V, § 3(b)(4), F.S.A.
Relator, Outrigger Club, Inc. (hereinafter referred to as "Club"), sought to build a condominium apartment complex on land it owned in the City of North Miami (hereinafter referred to as "City"), which land was regulated by more than one zoning classification. The land was located in a 2-C zoning district which contained, among other restrictions, a height restriction which would forbid the buildings sought by the Club. However, the land was also regulated by a 1-B1 classification which would allow the high-rise complex contemplated. The City sought to apply the more restrictive requirements of the 2-C district, but the trial court, in an action for a mandatory injunction, held that the City could not arbitrarily choose to apply the more restrictive limitations when the more liberal provisions of a 1-B1 district also applied and other buildings had been built to 1-B1 specifications in the area of the Club's land without special waiver by the City. In the first appeal, the cause was remanded to the trial court to allow the City to consider the plans "to insure that they meet the criteria established in its building code for a safe structure." City of North Miami v. Outrigger Club, Inc., 269 So.2d 12, p. 14 (Fla. App.3d 1972).
In the first hearing before the trial court, the City failed to raise any defenses based upon its zoning ordinances other than the height requirements, and those defenses raised were determined adversely to the City. However, on remand to the trial court, the City raised other alleged violations of the zoning ordinance, but admitting that the building plans submitted by the Club met the City's building code. The trial court correctly refused to consider these new matters, thereupon raised for the first time.
On appeal by the City, the District Court, however, chose to consider the other alleged violations of the 1-B1 zoning classification, and reversed the trial court, ordering further consideration into the claims of the City on the zoning regulations. It is this second decision of the District Court, not yet reported, which the Club challenges, alleging that the District Court lacked jurisdiction and power to consider and rule on the zoning violations which had not been raised at the first hearing before the trial judge.
The Club contends that the action by the District Court is an attempt by the Court to reassume jurisdiction of the cause after its decision had become final and the term of court had passed. This is not the factual situation presented in the case sub judice. The District Court properly disposed of the first appeal and, upon entry of the second judgment of the trial court, a second appeal was properly taken, vesting jurisdiction in the District Court of a new cause, with that jurisdiction relying in no way on the jurisdiction which had vested, and been disposed of, in the first appeal. The contention of the Club is, therefore, incorrect.
Respondent contends, and we agree, that the doctrine of "Law of the Case" is likewise inappropriate to the facts of the case sub judice. Originally applied to Florida courts by the United States Supreme Court (Sibbald v. United States, 37 U.S. (12 Pet.) 488, 9 L.Ed. 1167 (1838)), the doctrine has long been recognized and applied by this Court. Wilson v. Fridenberg, 21 Fla. 386 (1885). The "Law of the Case" has been defined as meaning,
"[W]hatever is once irrevocably established as the controlling legal rule of decision between the same parties in the same case continues to be the `law of the case,' whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts of the case before *17 the court." United States Gypsum Co. v. Columbia Casualty Co., 124 Fla. 633, 169 So. 532, p. 535 (1936).
In the first opinion rendered by the District Court in the case sub judice, it was determined that consent of the City was not required to apply the 1-B1 classification and requirements to the Club property, but the District Court continued:
"[T]hat apartment building must be constructed in accordance with all of the regulations contained in the 1-B1 district." City of North Miami v. Outrigger Club, Inc., supra, 269 So.2d p. 14.
The District Court did not speak on the issue of whether the plans of the Club complied with the zoning requirements of the City and, therefore, it could not be said that approval of the plans, insofar as zoning was involved, had been established so as to become the "Law of the Case."
However, we must agree with the trial court that the City was estopped, after having once been presented with the opportunity to litigate all of the issues of the case, from presenting new arguments and defenses the second time around. The trial court specifically found in the second judgment:
"The pleadings, affidavits and exhibits in the file, and the admissions, stipulations and uncontradicted testimony in the record disclosed that the Plaintiff's application for a building permit for a 1-B1 use in the 2-C zoning district was in conformity with all of the applicable building and zoning ordinances of the City of North Miami and the South Florida Building Code. The CITY offered no evidence to the contrary and took issue only with the height of the structure as disclosed on the plans."
The Rules of Civil Procedure promulgated by this Court "apply to all suits of a civil nature" (Rule 1.010, RCP, 30 F.S.A.), and specifically provide for injunctive actions such as is involved in the case sub judice, Rule 1.610, RCP, 31 F.S.A. While it is recognized that injunction is an extraordinary remedy, it is also recognized that procedure in suits for injunction is controlled by rules controlling practice and procedure. 17 Fla.Jur., Injunctions, § 67.
Thus, the City was, in the case sub judice, bound to comply with applicable rules of civil procedure, including Rule 1.140(b), RCP, which pertains to defenses and the waiver of defenses if not timely raised. The City should not be allowed to proceed with a piecemeal litigation of the cause, to the delay and detriment of the Club, for this is the evil the rules attempt to cure. To allow the City to resurrect such waived issues merely because the decree of the trial court was modified to allow a review of building plans to insure a safe structure, would be to violate the Rules of Civil Procedure, as well as a basic precept of the practice of law  needless litigation is to be avoided when at all possible. In the case sub judice, the plans had been made available to the City and were introduced into evidence; any zoning irregularities could have been raised at the first hearing. Therefore, those alleged irregularities which could and should have been raised were waived by the City and could not properly be raised thereafter.
Accordingly, the writ of prohibition is hereby issued and the District Court of Appeal, Third District, is prohibited and restrained from issuing or enforcing its second decision in the case sub judice, as this decision considers issues waived by the City of North Miami because of its failure to raise them as issues at the first hearing before the trial court.
The issuance of a formal writ is withheld as we assume the litigation will be determined in accordance with the views expressed herein.
The previous mandate of the trial court for the City within one day to issue the building permit to the Club stands effective, requiring immediate compliance therewith by the City.
*18 Petition for rehearing is dispensed with to avoid further damaging delay to relator, and this opinion shall be effective upon issuance.
It is so ordered.
CARLTON, C.J., and McCAIN and DEKLE, J., concur.
BOYD, J., dissents.