372 So.2d 419 (1979)
DAYTONA BEACH RACING AND RECREATIONAL FACILITIES DISTRICT, etc., et al., Petitioners,
v.
VOLUSIA COUNTY, etc., et al., Respondents.
No. 53773.
Supreme Court of Florida.
February 22, 1979.
Rehearing Denied April 16, 1979.
Thomas T. Cobb of Cobb, Cole, McCoy, Abraham, Bell, Bond, Monaco & Kaney, Daytona Beach, for Daytona Beach Racing and Recreational Facilities District.
S. LaRue Williams of Kinsey, Vincent, Pyle, Williams, Kennedy & Tumbleson, *420 Daytona Beach, for International Speedway Corp.
Jim Smith, Atty. Gen., Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, for Harry L. Coe, Jr., etc.
William M. Barr of Raymond, Wilson, Conway, Barr & Burrows, Daytona Beach, for Volusia County, et al.
BOYD, Justice.
This cause is before us by virtue of a certification by the District Court of Appeal, First District, that its decision herein passed upon a question of great public interest.[1]
International Speedway Corporation operates the Daytona International Speedway on land leased from the Daytona Beach Racing and Recreational Facilities District. The corporation and the district appealed the judgment of the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, which rejected their claim of exemption for the corporation's leasehold from ad valorem taxation. On appeal to the district court, the issues were whether exemption should be allowed under section 196.199(2)(a), Florida Statutes (1975), and whether the repeal[2] of the tax exemption granted to the district in 1955[3] is an impairment of the obligation of contract in violation of the United States Constitution.[4]
Both issues are resolved against the position taken by the appellants by the decision of this court in Volusia County v. Daytona Beach Racing & Recreational Facilities District, 341 So.2d 498 (Fla. 1976). The case involved the same parties and the same issues but pertained to ad valorem taxes for an earlier year. The district court in the instant case acknowledged that the earlier decision was controlling but certified the question of whether the constitutional issue should be reconsidered in light of United States Trust Co. v. New Jersey, 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977).
We have examined the decision in United States Trust and find it to be completely inapplicable to the issue in the case at bar. The legislature cannot bind its successors with respect to the exercise of the taxing power; a subsequent legislature has the unquestioned authority to repeal prior tax exemption statutes. See, e.g., Hord v. Askew, 359 So.2d 455 (Fla.) (per curiam), appeal dismissed, 439 U.S. 922, 99 S.Ct. 302, 58 L.Ed.2d 314 (1978); Straughn v. Camp, 293 So.2d 689 (Fla.), appeal dismissed, 419 U.S. 891, 95 S.Ct. 168, 42 L.Ed.2d 135 (1974).
The decision of the district court of appeal is affirmed.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Daytona Beach Racing & Recreational Facilities Dist. v. Volusia County, 355 So.2d 175 (Fla. 1st DCA 1978).
[2] Ch. 73-647, Laws of Fla.
[3] Ch. 31343, § 13, Laws of Fla. (1955).
[4] "No State shall ... pass any ... Law impairing the Obligation of Contracts... ." U.S.Const. art. I, § 10.