## WILLIAMS v MOORER

Case No. 89-1215-39

County Court, Pinellas County

April 25, 1989

### APPEARANCES OF COUNSEL

**Charles E. Williams, Esquire,** for plaintiff.

**Lydia Castle, Esquire,** GulfCoast Legal Services, Inc., for defendant.

### OPINION OF THE COURT

DAVID A. DEMERS, County Judge.

*ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT*

THIS CAUSE having come on to be heard on Plaintiff's Motion to File Amended Complaint and the Court having heard the argument of counsel and being otherwise fully advised in the premises the Court makes the following findings:

1. This cause was previously dismissed on the grounds that the complaint and exhibits showed on their face that the three day notice was insufficient because it did not give the tenant a specified amount of overdue rent and a choice of paying that amount or vacating the premises as required by § 83.56 Fla. Stat. (1987).

2. Such notice is a condition precedent to the statutory cause of action for eviction, which means that the cause of action did not arise and could not be properly commenced at the time the suit was filed in this case. *Perry-Morse Seed Co. v Hitchcock,* 426 So.2d 958 (Fla. 1983); *Investment and Insurance Realty, Inc.,* 480 So.2d 219 (Fla. 5th DCA 1985).

3. "If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the arrival of one while the suit is pending. *Meredith v Long,* 96 Fla. 719, 119 So. 114 (1928)." *Hasam Realty Corporation v Dade County,* 178 So.2d 747, 748 (Fla. 3d DCA 1965). In *Bondu v Gurvich,* 473 So.2d 1307 (Fla. 3d DCA 1984), review denied, 484 So.2d 7 (Fla. 1986), the Court followed this principle and noted: "Since it is not the function of an amendment to the pleadings to cover subsequently accruing rights as 'to cure the defect of non-existence of a cause of action when suit was begin,' *Orlando Sports Stadium, Inc. v Sentinel Star Co.,* 316 So.2d 607, 610 (Fla. 4th DCA 1975); see also *Daytona Beach Racing and Recreational Facilities Dist. v Volusia County,* 355 So.2d 175 (Fla. 1st DCA 1978), *aff'd.* 372 So.2d 419 (Fla. 1979), the motion for leave to amend was correctly denied." 473 So.2d at 1310 [footnote 2].

ACCORDINGLY, it is hereby,

ORDERED AND ADJUDGED that the Motion to File Amended Complaint is DENIED.

DONE AND ORDERED at St. Petersburg, Florida, this 25th day of April, 1989.