ANSTEAD, Judge.
These consolidated appeals present us with several issues arising out of actions for specific performance and for broker’s fees following an aborted real estate transaction. We affirm in part and reverse in part.
CASE NO. 81-1314
After successfully prosecuting an action for specific performance the appellant, Marvin H. Gillman, trustee, divested himself of the ability to perform under the court’s order granting him specific performance. He then unsuccessfully sought to convince the court to dismiss his action for specific performance and to reinstate his alternative action for damages. The trial court not only refused to reinstate the damages action, it went forward with a judgment for specific performance and, after a notice of appeal was filed, entered a post-judgment order directing that the appellee, Joanne Renee Nemeroff, was entitled to the return of a deposit since Gillman was unable to comply with the judgment of specific performance.
We find no error by the trial court in refusing to allow Gillman to dismiss his action for specific performance or reinstate his action for damages. In essence the trial court found that Gillman had elected his remedy, i.e., specific performance, and abandoned his claim for damages. Thereafter, upon prevailing, Gillman voluntarily disabled himself from being able to perform under the order of specific performance. Under such circumstances we cannot fault the trial court for refusing to permit Gill-man to start all over again. We do, however, believe the trial court erred in going forward with a final judgment after Gill-man had advised the court of his inability to perform. At that point the trial court should have entered a judgment dismissing Gillman’s claim with prejudice.
CASE NO. 81-2216
We also believe the trial court erred in entering a post-judgment order directing that the deposit be returned to Nemeroff because of the inability of Gillman to perform. This order was actually a modification of the previously entered final judgment and such a modification is not permitted while the merits of the action are in issue on appeal. Leo Goodwin Foundation, Inc. v. Riggs National Bank, 374 So.2d 1018 (Fla. 4th DCA 1979). However, all of the parties have agreed that this issue becomes moot if we approve the trial court’s refusal to reinstate Gillman’s claim for damages. We have approved that action of the trial court and in accord with the parties’ agreement hold that any issue as to error by the trial court in this appeal has become moot.
CASE NO. 81-2409
The trial court also refused to consider the post-judgment request of the broker, James Cook, to determine his entitle *963 ment to a commission. Although we find no error by the trial court in refusing to consider the claim while the appeal was pending, we do believe the trial court erred in dismissing the broker’s claim and directing him to file a separate lawsuit for any claim he may have against the other parties. Upon remand the broker should be permitted an opportunity to amend his pleadings or to seek joinder of any other parties as he may deem appropriate in view of the circumstances as they now exist.
Accordingly, we affirm in part and reverse in part and remand this cause for further proceedings consistent with this opinion.
HURLEY and WALDEN, JJ., concur.