578 So.2d 14 (1991)
BOCA WEST CLUB, INC., a Florida Not-for-Profit Corporation, Appellant,
v.
Paul LEVINE and Marcia Levine, Appellees.
No. 90-0119.
District Court of Appeal of Florida, Fourth District.
April 3, 1991.
Rehearing Denied May 16, 1991.
Steven M. Katzman and James W. Beasley, Jr. of Cadwalader, Wickersham & Taft, Palm Beach, for appellant.
Michael A. Hanzman and Robert C. Levine of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, for appellees.
Richard Goetz of Anderson, Moss, Parks, Russo, Miami, and Eugene A. Rudzinski of Cohen, Swados, Wright, Hanifin, Bradford & Brett, Buffalo, N.Y., for amicus curiae-Boca West Homeowner's Ass'n, Inc.
*15 WARNER, Judge.
This is an appeal from a final summary judgment in favor of a suspended member of Boca West Club, Inc., a Florida nonprofit corporation, which judgment determined that the suspension of appellees' club membership was unauthorized. The appellant claims that the court erred in entering the final summary judgment in favor of appellees and in failing to grant the summary judgment in its favor. We agree and reverse.
Pursuant to the offering documents for memberships in Boca West Club, Inc., the appellees, who were homeowners in Boca West, purchased a membership in the Club. They signed a membership agreement agreeing to be bound by the terms and conditions of The Plan for the Offering of Memberships in Boca West Club, Inc. which included the membership plan, the articles of incorporation of the club, and the bylaws. The plan and bylaws provided that memberships would only be offered to homeowners in Boca West. Some years later, the appellees transferred legal title of the property to a bank. The Club notified them that since they no longer were the owners of residential property in Boca West, they could no longer be members of the club pursuant to the plan. After much correspondence the club notified the appellees that their membership would be suspended for a period of one year because of their failure to maintain an ownership in residential property in Boca West. It further notified them of the right to have a hearing before the Board of Governors. A hearing was provided which appellees attended and objected to the suspension, but the Board found that because they were not legal title holders of property in Boca West, they were no longer eligible as members. Consequently, their membership was suspended for one year. Appellees then filed suit against the club requesting declaratory relief and an injunction against the suspension. Both appellant and appellees moved for summary judgment. The court entered final summary judgment in favor of the appellees.
There is no question that Boca West Club, Inc. is a private social club (a country club). As such, the rule of Weinberg v. East Lake Woodlands, Ltd., 362 So.2d 375, 376 (Fla. 2d DCA 1978) which this court adopted in Everglades Protective Syndicate v. Makinney, 391 So.2d 262, 265 (Fla. 4th DCA 1980) applies:
While courts have often been wary of entering into disputes between private social clubs and their members, it has long been the rule in Florida that a person has a right to notice and a hearing when a club proposes to cancel his membership. Moreover, the cancellation must comport with the applicable by-laws or regulations of the club.
It is undisputed here that the appellees were afforded a hearing and opportunity to be heard. One remaining justiciable issue remains: whether or not the board's action comported with the terms of the bylaws and regulations of the club. See also section 617.041(4), Florida Statutes (1989) (requires a termination of membership in a nonprofit corporation to be in accordance with the bylaws).
Appellant claims that the bylaws, plan and regulations all require "continued ownership" of property in Boca West as a condition of membership, whereas appellees contend that no such provision exists. Further, appellant notes that the Board of Governors has the sole authority to interpret the bylaws, the sole authority to issue, cancel and transfer memberships, and the sole determination to discipline its members for conduct "deemed... to be improper or likely to endanger the welfare, safety, harmony or good reputation of the Club... ." Appellees contends that none of these form a basis for suspending their membership.
Without going through an exhaustive and detailed review of each and every provision of the plan and bylaws, suffice it to say that while the bylaws do not expressly state that continued ownership is essential to maintain club membership, they are ambiguous, and a reasonable inference from all of the provisions is that continued ownership *16 is indeed intended and required in order to maintain membership. Since the bylaws provide that the Board has the final interpretive authority regarding doubtful or conflicting portions of the bylaws, and their interpretation is neither arbitrary or unreasonable, we will not interfere with its authority to construe them. Cf. Conlee Const. Co. v. Cay Const. Co., 221 So.2d 792 (Fla. 4th DCA 1969).
In addition we find that under Article XV the Board may discipline a member for conduct likely to be improper or likely the endanger the welfare, safety, harmony or good reputation of the Club. The article provides that the Board is the sole judge of what constitutes such conduct. A similar provision was used in State ex rel. Barfield v. Florida Yacht Club, 106 So.2d 207 (Fla. 1st DCA 1958), to terminate the membership of a club member because he had sued the club for damages in excess of the club's liability policy. In that case the First District applied the rule of non-reviewability of expulsion of club members, finding that such decisions of private social club were properly left to the board to which the members had lawfully delegated the power to determine whether the action of a member interferes with the relationship of club members. So too the trial court here should not have reviewed the decision by the Board that the conduct of the appellees in failing to continue to own residential property in Boca West while continuing membership in the Club is not only contrary to the bylaws but also contrary to the harmonious relations of all of the owner-members of the club, as the club and the amicus curiae have aptly demonstrated in their arguments. See also section 617.10(1), Florida Statutes (1989) (provides that a nonprofit corporation can delegate to its board of directors full discretionary power of admitting and expelling members).
The appellees purchased their membership in the club with full knowledge of its rules and regulations, including the power of the Board of Governors in determining the application of such rules and the extent of their authority over the members. Appellees cannot now be heard to complain about the actions taken by the Board given their assent to be bound by the provisions of the bylaws and rules.
We therefore reverse the final judgment of the trial court and remand for entry of judgment in favor of the appellant.
GLICKSTEIN and STONE, JJ., concur.