765 So.2d 95 (2000)
LAKERIDGE GREENS HOMEOWNERS ASSOCIATION, INC., Appellant,
v.
Sol SILBERMAN and Renee Silberman, Appellees.
No. 4D99-1638.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
*96 James N. Krivok of St. John, Dicker, Caplan, Krivok & Core, P.A., West Palm Beach, for appellant.
Michael S. Silberman of Silberman & DiFilippo, Bala Cynwyd, Pennsylvania, and Alexander Del Russo of Levy, Kneen, Mariani, Curtin, Wiener, Kornfeld & Del Russo, West Palm Beach, for appellees.
STEVENSON, J.
The issue to be decided in this appeal is whether the language of the Declaration of Restrictions and Protective Covenants governing the Lakeridge Greens community is broad enough to require the Silbermans, homeowners in the community, to obtain the approval of the community's architectural control board to hang a terra cotta wall plaque. We find that the language of the document is sufficiently broad and reverse.
Lakeridge Greens is a residential development in Boynton Beach, Florida, and is governed by a Declaration of Restrictions and Protective Covenants. Sol and Renee Silberman purchased a home in Lakeridge Greens in April of 1997. Thereafter, the Silbermans hung a 45" X 25" terra cotta plaque, which depicts three, clothed cherubs pouring water from a pail. The Silbermans did not seek the approval of the community's architectural control board ("ACB") prior to hanging the plaque. During a routine property inspection, the property manager noticed the plaque and told the Silbermans that it required the approval of the ACB. On April 25, 1997, the Silbermans submitted an application. The application was denied, and the homeowners association sent the Silbermans a letter asking that they remove the plaque. The Silbermans refused, pointing to the facts that their plaque was hung only with two screws and did not require any architectural changes or modifications, that the model home had three terra cotta urns, and that many other homeowners had similar plaques or hangings.
Eventually, the homeowners association filed suit. The Silbermans argued that, under the language of the declaration, ACB consent was required only for structural or permanent changes or alterations. Alternatively, the Silbermans contended that the Association was enforcing the community's restrictive covenants in an arbitrary and discriminatory manner. The trial judge sided with the Silbermans on both counts; the Association appealed.
The Declaration of Restrictions and Protective Covenants provides in relevant part:

Section 3. ACB's Consent. Any request by an Owner for approval by the ACB to install, place, or remove the following, including, but not limited to, any building, fence, screen enclosure, porch, wall, patio area, pool, spa, landscaping or any other addition, alteration, improvement, or change shall be in writing and shall be accompanied by plans and specifications or other details as the ACB may deem reasonably necessary in connection with its determination as to whether or not it will approve same. Approval of any request shall not be unreasonably withheld, and shall not be withheld in a discriminatory manner or in a manner which unreasonably prohibits the reasonable development of any Lot but may be withheld due to aesthetic considerations.
*97 The trial judge found that the words "any other addition, alteration, improvement, or change" did not literally mean "any and all," citing language from the Association's application for ACB consent and the community's welcome letter in support of his conclusion. Resort to matters outside the contract, however, is appropriate only if the contract's terms are not plain and unambiguous. See Kraft v. Mason, 668 So.2d 679, 685 (Fla. 4th DCA), review dismissed, 679 So.2d 773 (Fla.1996). We find that the trial court erred in its construction of the Declaration and in considering these collateral documents. See, e.g., Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock, 735 So.2d 530, 534 (Fla. 4th DCA)("Construction of a contract is a matter of law, so an appellate court is free to reassess the contract and arrive at a conclusion different from the trial court."), review denied, 744 So.2d 456 (Fla.1999). Section 3 clearly and unambiguously requires the ACB's consent for any addition, alteration, improvement or change and, therefore, is broad enough to reach the Silbermans' plaque. The Silbermans' plaque materially changes and alters the outward appearance of the wall on which it is hung.
Moreover, we find that we cannot affirm the judgment of the lower court on the alternative basis that the Association has engaged in arbitrary and discriminatory enforcement of the restrictive covenants and, thus, cannot now single out the Silbermans. See Killearn Acres Homeowners Ass'n v. Keever, 595 So.2d 1019, 1021 (Fla. 1st DCA 1992)(recognizing that homeowner may defend against enforcement of a restrictive covenant on the ground that "the enforcing authority has acted in an unreasonable or arbitrary manner," but that the burden is "a heavy one"). In the instant case, in support of their claim that the Association was enforcing the restrictions in an arbitrary and discriminatory manner, the Silbermans introduced photographs of other plaques and decorations. They admitted, however, that their plaque was clearly larger than any other they had found in the community and that they did not know whether the other homeowners had either obtained approval or been asked to remove the item. Representatives for the Association testified that the other plaques were smaller and that all of the homeowners had been treated equally in that all of those who were in violation had been sent letters asking them to remove the offending items. And, according to the chairman of the ACB, Robert Gries, with the exception of the Silbermans, all of the homeowners had complied. This evidence is simply insufficient to establish that the Association is engaging in arbitrary and discriminatory enforcement of the community's restrictive covenants. Accordingly, we reverse the judgment in favor of the Silbermans and remand for entry of judgment in favor of the Association.
REVERSED and REMANDED.
DELL and STONE, JJ., concur.