SHEVIN, Judge.
Catherine Lee appeals a final judgment in an action for specific performance against Harbour Preservation, Inc. We affirm.
Lee held proprietary shares in the Bal Harbour Club, Inc., a not-for-profit corporation and social club. Harbour Preservation sent an offer to the club’s proprietary shareholders to purchase their voting and non-voting shares. Harbour Preservation purchased Lee’s voting share but refused to purchase her non-voting share. Lee filed an action for specific performance seeking to compel Harbour Preservation to purchase the non-voting share. However, subsequent to filing suit, she resigned from the club. Following trial, the court entered judgment in favor of Harbour Preservation based on Lee’s resignation from the club.
Lee does not raise any issue meriting reversal. The club By-laws provide that the Board has the authority to issue proprietary memberships which may be vacated by resignation. The Articles of Reincorporation provide that when a member resigns she shall thereafter have no interest of any kind in the corporation. See § 617.0601, Fla. Stat. (1999). Lee has no rights as to her membership certificate independent of the Articles of Reincorporation and the By-laws. See Boca West Club, Inc. v. Levine, 578 So.2d 14 (Fla. 4th DCA 1991); Reynolds v. The Surf Club, 473 So.2d 1327 (Fla. 3d DCA 1985), review denied, 484 So.2d 9 (Fla.1986). Under the provisions of those documents, as a result of Lee’s resignation, her property rights in the membership certificate no longer existed. Hence, Lee did not have an outstanding proprietary share subject to Harbour Preservation’s offer. Therefore, the court properly ruled that Lee was not entitled to specific performance due to her resignation from the club.
Lee’s reliance on Voges v. Ward, 98 Fla. 304, 123 So. 785 (1929), and City Council of the City of North Miami Beach v. Trebor Constr. Corp., 277 So.2d 852 (Fla. 3d DCA 1973), writ discharged, 296 So.2d 490 (Fla.1974), is misplaced. Voges holds that an action filed prematurely will not be cured by the subsequent occurrence of a material fact. That holding is based on the principle that a plaintiffs right to recover depends on the facts as they existed when the suit was filed. See 1 Fla. Jur.2d Actions § 46 (1997). Trebor applies that principle holding that building code laws are applied as they existed at the time plaintiff filed suit. However, the principle is inapplicable here, where plaintiffs actions subsequent to filing suit amounted to a voluntary relinquishment of her ability to perform under a specific performance judgment. See Gillman v. Nemeroff, 423 So.2d 961 (Fla. 4th DCA 1982). Accordingly, we affirm the final judgment.
Affirmed.