898 So.2d 1018 (2005)
Joel SHUMRAK, Appellant,
v.
BROKEN SOUND CLUB, INC., a Florida not-for-profit corporation, Larry Rutstein, Sosha Ginsberg, Larry Swartz, William Lehrberger, Larry Bjornsen, Fred Gerkin, Irwin Glick, Richard Greene, Dick Hanor, Franklin Loh, Mike Mullaugh, David Segal, Howard Schwartz and Milton Weiss, Appellees.
No. 4D03-5032.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Rehearing Denied March 9, 2005.
James N. Krivok of Dicker, Krivok & Stoloff, P.A., West Palm Beach, for appellant.
Mayra I. Colon of Douberley & Cicero, Boynton Beach, for appellees.

ON MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC
PER CURIAM.
We deny Joel Shumrak's motion for rehearing and motion for rehearing en banc. However, to clarify our opinion, we withdraw *1019 our previous opinion and substitute this opinion in its place.
Joel Shumrak filed suit against Broken Sound Club, Inc. (Broken Sound) and the individual members of its Board of Governors (BOG) as a result of a membership suspension. Shumrak appeals the trial court's granting of the appellees' motion to dismiss on six grounds. After full consideration, we affirm on all grounds and write only to address the issue of whether Broken Sound is a private social club.
Joel Shumrak initially purchased a home in the Broken Sound Country Club community at a time when residents were not required to be members of Broken Sound. Shumrak was, however, a voluntary member. A later amendment to a governing document of the subdivision required all individuals purchasing property in the community to become members of Broken Sound. However, those residents owning property prior to the amendment were not required to become members of Broken Sound. Both Broken Sound and a homeowners' association establish rules for members of the community.
The dispute in this case arose after Shumrak learned that the BOG was undertaking an evaluation of Broken Sound's general manager. Shumrak telephoned a BOG member to ask whether comment from Broken Sound members was invited, and the BOG member indicated that Shumrak could file written comments with him which would remain confidential. Shumrak then e-mailed comments, making certain accusations against the general manager, to the BOG member. The BOG member then forwarded Shumrak's e-mail to other BOG members, Broken Sound members, and the general manager.
As a result of the e-mail, the BOG president and the general manager filed separate grievances against Shumrak for violating Article XV of the by-laws of Broken Sound. Article XV provides:
Any member or any family member or guest of such member whose conduct shall be deemed by the appropriate committee to be improper or likely to endanger the welfare, safety, harmony, or good reputation of the Club or its members, may be reprimanded, fined, or suspended from the Club by action of the Board of Governors. The Board of Governors shall be the sole judge of what constitutes improper conduct or conduct likely to endanger the welfare, safety, harmony or good reputation of the Club or its members.
The grievances were referred to the Grievance Committee for disciplinary proceedings. By letter, Shumrak was notified that the Grievance Committee would conduct a hearing. Although Shumrak appeared at the hearing, he was not permitted to hear the testimony of witnesses called by the Grievance Committee.
The Grievance Committee made findings that were then reviewed by the BOG. The BOG notified Shumrak by letter that he was to be suspended from the club for six months and was required to write various letters of apology. Shumrak appealed the decision, which resulted in a hearing, and the reduction of Shumrak's suspension to three months (unless he failed to write the letters of apology, in which event the suspension could be continued indefinitely).
Shumrak filed a complaint, and later an amended complaint, against Broken Sound and the BOG, alleging breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress. The trial court granted the motion to dismiss based on its finding that Broken Sound is a social club, a status that prevents judicial review of its disciplinary actions. The complaint was dismissed with prejudice, and this appeal follows.
The standard of review applicable to a ruling on a motion to dismiss for *1020 failure to state a claim is de novo. Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004). In reviewing a motion to dismiss, the court must take the allegations in the complaint as true. Id.
Shumrak acknowledges that courts do not review disciplinary actions of social clubs, including voluntary membership country clubs. See Boca W. Club, Inc. v. Levine, 578 So.2d 14 (Fla. 4th DCA 1991); State ex rel. Barfield v. Fla. Yacht Club, 106 So.2d 207 (Fla. 1st DCA 1958)("We agree that the courts should leave to the members of a private social club or to the proper board to which the members have lawfully delegated that power, the right to determine whether the action of a member has been such that, in the opinion of such Board, it would interfere with the pleasant, friendly and congenial social relationship between the members.").
However, Shumrak contends that Broken Sound is not a social club. Shumrak bases this proposition on several arguments, including that if he were expelled from Broken Sound, he would be forced to sell his property because membership in Broken Sound is a mandatory condition of home ownership in the community. See Fla. Yacht, 106 So.2d at 209 ("[C]ertain conduct, which might not justify expulsion from some other type of association, where membership is a condition to earning a livelihood, or essential to the enjoyment of a contract or property right, may justify expulsion from a private social club."). Here, Shumrak asserts that the Broken Sound facilities are no different from the common areas within homeowners' associations, and the enforcement of rules and regulations by homeowners' associations is subject to judicial review. See Emerald Estates Cmty. Ass'n. v. Gorodetzer, 819 So.2d 190 (Fla. 4th DCA 2002); Lakeridge Greens Homeowners Ass'n v. Silberman, 765 So.2d 95 (Fla. 4th DCA 2000). Accordingly, Shumrak concludes that property rights are implicated by his possible expulsion from the club, and thus, Broken Sound is more homeowners' association than private social club, making its disciplinary decisions subject to judicial review.
We conclude that this argument is without merit. Although we take the allegations of the complaint as true as required when reviewing a motion to dismiss, Shumrak's potential deprivation of property by expulsion is conclusively refuted by the Broken Sound by-laws attached to the complaint. See Fladell v. Palm Beach County Canvassing Bd., 772 So.2d 1240, 1242 (Fla.2000)("If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss."); Hollywood Lakes Section Civic Ass'n v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996)(same). The by-laws make no provision for expulsion from Broken Sound, although providing for suspension for up to one year. It is a fundamental principle of contract construction, known as expressio unius est exclusio alterius, that "the expression of one thing is the exclusion of the other." See Coral Cadillac v. Stephens, 867 So.2d 556, 558 (Fla. 4th DCA 2004). Because there is no potential for expulsion in this case, Shumrak's property rights are not implicated and his argument that Broken Sound is not a private club, but rather more akin to a homeowners' association, fails.
AFFIRMED.
GUNTHER, STONE and POLEN, JJ., concur.